[No. 13247.   Department Two.   February 15, 1916.]

U. KILLINGSWORTH, *Respondent*, v. F. W. KEEN, *Appellant*.[1]

HUSBAND AND WIFE—TORTS OF WIFE—LIABILITY OF COMMUNITY. Neither the husband nor the community is liable for the tortious act of the wife in taking and damaging an automobile, in view of Rem. & Bal. Code, § 5929, providing that, for all injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be responsible except where he would be jointly responsible with her if the marriage did not exist.

SAME. In such a case, it is immaterial that the injured party might waive the tort and sue as upon implied contract, where the wife's act was a tort to begin with.

SAME—TORTS OF WIFE—ACTIONS—PLEADING—WAIVER. In an action for the wife's tort in taking and damaging an automobile, the allegation that the taking was for the "benefit of the marital community," is insufficient, as against demurrer, to plead the defendant's acquiescence or authorization, or to overcome the presumption that it was not for the benefit of the community, no sustaining facts being pleaded.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 7, 1915, in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Israel & Kohlhase*, for appellant.

BAUSMAN, J.—Keen, sued by his chauffeur for wrongful discharge outside of the state, sets up as a counterclaim that the chauffeur's wife took another automobile of Keen's out of his garage and used it "for the benefit of the marital community of the plaintiff and herself" for a period of four

[1]Reported in 154 Pac. 1096.

hours, during which time she damaged it. The counter-claim was to recover the value of its use as well as the cost of the repair. Plaintiff demurred to this as an attempt to set off tort against contract. Error is assigned on the lower court's sustaining that demurrer.

As the answer does not show, and as it is not claimed in argument, that the wife's taking the automobile was other than tortious, the husband and the community property are protected against liability in that respect by Rem. & Bal. Code, § 5929 (P. C. 95 § 13), as follows:

"For all injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be responsible therefor, except in case where he would be jointly responsible with her if the marriage did not exist."

We have had occasion to remark, in a suit upon false representations by a wife, that we know of no statute making the community property liable for them. *Strom v. Toklas*, 78 Wash. 223, 138 Pac. 880.

Appellant argues that this is one of those torts which the injured party may waive in its tort aspect and sue upon as creating an implied promise to reimburse for value appropriated. Assuming, but not deciding, that, still it cannot be applied here. Keen might, indeed, be permitted to do this in an action between him and the wife, but here he is in litigation with a third person protected by statute. The wife's act was a tort to begin with. It cannot be made contractual against the husband unless he too waives the form of action.

The bare and general allegation "for the benefit of the marital community" does not oblige us to discuss under this statute the situations in which a husband by acquiescence, authorization, acceptance of profits, or otherwise may be estopped to question the community's or his own liability. The tort was presumptively not for the benefit of the community, and facts must be pleaded to disturb that presumption.

We have sustained conclusions against demurrer when facts, though defectively set out, accompanied those conclusions (*Harris v. Halverson*, 23 Wash. 779, 63 Pac. 549), but to sustain them utterly without facts is contrary to the whole theory of code pleading. *Freeman v. Centralia*, 67 Wash. 142, 120 Pac. 886, Ann. Cas. 1913 D. 786; *Longfellow v. Seattle*, 76 Wash. 509, 136 Pac. 855; *Martin v. Olympia*, 69 Wash. 28, 124 Pac. 214.

Judgment affirmed.

MORRIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.