[No. 13892.  Department One.  April 30, 1917.]

MARY A. HICKS, *Respondent*, v. MATT BAUMGARTNER *et al.*,
*Appellants*.[1]

APPEAL—REVIEW—HARMLESS ERROR.  Error in sustaining an objection to testimony is harmless where the witness was immediately thereafter permitted to answer a similar question.

HUSBAND AND WIFE—ACTIONS—VERDICT.  In an action against a husband and wife for personal injuries sustained through the act of the husband, a verdict against the defendant "et ux" is sufficient to sustain a judgment against the community.

SAME — COMMUNITY DEBT — ACTIONS — JUDGMENT.  A judgment against a husband and wife "and each of them" for a community debt is broad enough to be construed as a personal judgment against the wife, and will be modified to run against the property of the husband and the community property of the husband and wife.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 8, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile.  Modified.

*John M. Gleeson* and *A. G. Gray*, for appellants.

*McCarthy & Edge* (*W. G. Boland*, of counsel), for respondent.

CHADWICK, J.—Plaintiff was struck by an automobile driven by defendant Matt Baumgartner.  She brought this action to recover damages.  The wife of Matt Baumgartner was made a party to the suit.  To the allegations of negligence, defendants raised the general issue, and plead further the defense of contributory negligence.  From a verdict and judgment, defendants have appealed.

Plaintiff testified that she did not hear the automobile at or before the time she was struck.  The court refused to permit the defendants to show, by a witness who had experimented

[1]Reported in 164 Pac. 743.

with the machine, that it made a great noise when operated; the purpose being to show that it was unlikely that plaintiff did not hear the machine, or that, in the exercise of ordinary care, she should have heard it, and was, therefore, guilty of contributory negligence.

It is true that the court sustained objection to a question general in its terms and not sufficient in form to indicate a similarity of physical conditions. But waiving the suggestion that the allowance or disallowance of such testimony is a matter so entirely within the discretion of a trial judge that appellate courts will rarely question his rulings, we think defendants were not prejudiced; for immediately after the court had sustained the objection, upon a proper question, objections were overruled, and the witness answered: "Well you could hear the car, and you could hear that particular car for at least a block and a half." Another witness testified to the same effect.

The next objection is to the form of the verdict and judgment. The jury returned a verdict in form as follows:

"We, The Jury in the case of Mary A. Hicks, Plaintiff vs. Matt Baumgartner et ux Defendant, find for the plaintiff and assess her damages at the sum of ($500) five hundred dollars.
"Spokane, Washington, March 31st, 1916.
"Alex M. Hogg, Foreman."

The judgment on the verdict is:

"The above entitled cause came on for trial before the court and a jury regularly impanelled and sworn to try said cause, and the parties having produced their proof, and said cause having been regularly submitted to the jury, and the verdict having been returned in favor of the plaintiff; and motion for new trial having been denied.

"Now, therefore, it is ordered and adjudged:

"That the plaintiff have judgment against the defendants and each of them for the sum of five hundred ($500) dollars, together with plaintiff's costs and disbursements of this suit taxed at $. . . . . . . . . . . . . . . .

"Done in open court this 8th day of April, 1916."

It is contended that this verdict will not support a judgment; that the judgment is not sufficient in form to sustain an execution against the separate property of the defendant wife.

As to the sufficiency of the verdict to sustain a judgment against Mamie F. Baumgartner as a member of the community, we think there can be no doubt. Unless an intent to discharge one of several defendants is manifest, we will presume that the jury intended to find against all of the record defendants. No such intent is apparent. The abbreviation "et ux", as well as the name of Matt Baumgartner, may be rejected as surplusage and we still have a verdict which will sustain a judgment against defendant Matt Baumgartner and the community. We do not understand that it is necessary to employ the names of parties litigant in a verdict, unless from the nature of the case a several verdict may be returned, and this, the record shows, the jury was not invited to do, either by the instructions of the court or by request of counsel.

"The judgment is broad enough in its terms to be construed as a personal judgment" against Mamie Baumgartner. "In this it is erroneous." Continuing, to use the words of *Godefroy v. Hupp*, 93 Wash. 371, 160 Pac. 1056: "This, however, does not necessitate a reversal of the judgment." We will direct that it be so modified as to run against the property of defendant Matt Baumgartner and the community consisting of Matt Baumgartner and Mamie F. Baumgartner.

Remanded with directions to modify the judgment accordingly.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.