[No. 21447. Department One. March 27, 1929.]

JOHN P. JOHNSON, *Respondent*, v. M. J. BERG *et al.,* *Appellants.*[1]

[1]Reported in 275 Pac. 721.

*Samuel B. Bassett* and *Marion Garland (Martin J. Lund, John J. Lund,* and *Orlo B. Kellogg,* of counsel), for appellants.

*Ray R. Greenwood,* for respondent.

BEALS, J.—This action was instituted for the purpose of foreclosing against several tracts of real estate, in Kitsap county, the separate properties of the respective defendants, an alleged lien based upon local improvement warrants held by plaintiff, issued in payment of the cost of the construction of a county road.

A brief statement of the pertinent facts leading up to the bringing of this action is necessary to a proper understanding of the matters now before us for consideration. After the issuance of the warrants now held by plaintiff, the persons named as defendants herein instituted an action in the superior court for Kitsap county (being cause number 4202) against Kitsap county and its treasurer, praying for a decree adjudging that the assessments levied against the respective parcels of real estate owned by them were null and void, and enjoining the county treasurer from proceeding to collect the same. The trial of cause number 4202 resulted in the entry of a decree in favor of plaintiffs, as prayed for in their complaint, and the county treasurer, since the entry of that decree, has obeyed the same, and has not attempted to collect any of the assessments which had been levied against the real estate owned by the plaintiffs in that action, who are the defendants in this.

John P. Johnson, plaintiff in this action, being the owner of some of the local improvement warrants issued in the course of the making of the improvement above referred to, brought this suit for the purpose of

establishing and foreclosing, against the different parcels of real estate owned by the respective defendants, his alleged lien thereon, which he claims exists as security for the payment of his warrants. The defendants answered plaintiff's complaint, denying most of the allegations thereof, and, by way of an affirmative defense, pleading the institution of cause number 4202 against Kitsap county, the entry of a decree therein in their favor, wherein the court declared the special assessment to be null and void as to their respective properties, and that Kitsap county and its then treasurer and his successors were, by the decree in that action, perpetually enjoined from collecting such special assessment in so far as the real estate mentioned in the complaint should be concerned. Paragraph II of the affirmative defense concluded with these words:

"These defendants hereby make all of the pleadings in said cause No. 4202 a part of the affirmative defense herein, the same as if fully set out."

The affirmative defense continued by alleging the finality of the judgment rendered in the preceding action, and that the matters set forth and litigated therein were the same as the matters set forth in plaintiff's complaint in this action. To this affirmative defense, plaintiff replied, admitting the facts concerning the prior action, but alleging that the same was against Kitsap county and its treasurer, and that plaintiff, Johnson, was not a party thereto and had no knowledge thereof. Plaintiff, in his reply, also alleged that the decree rendered in the prior action was not directed to him, and that he was not bound thereby.

The pleadings being as above stated, the matter came on to be heard, as recited in the judgment rendered, before the superior court, upon plaintiff's motion for judgment upon the pleadings, and the court,

having heard argument for the respective parties upon this motion and considered certain statements made by counsel for the respective parties, entered findings of fact, reciting the institution and prosecution to judgment of cause number 4202, and from the findings of fact, entered its conclusions of law to the effect that the prior action was *res judicata,* and that defendants were entitled to a judgment of dismissal, such a judgment being entered January 7, 1927.

The opening paragraph of the findings of fact entered by the court reads as follows:

"This cause having come on regularly for hearing on the — day of —, 1926, before the Honorable Walter M. French, judge of the above entitled court, on the plaintiff's motion for judgment upon the pleadings, the plaintiff appearing by and through his attorney, Ray R. Greenwood; the defendants appearing by and through their attorneys, G. F. Vanderveer, W. G. Beardslee and Marion Garland; and the defendants having made all of the files and records of cause No. 4202 of this court a part of their affirmative defense as though the same were fully set out therein, the court now makes the following findings of fact:".

From this judgment, plaintiff Johnson appealed to this court and obtained a reversal thereof (*Johnson v. Berg,* 147 Wash. 57, 265 Pac. 473), this court stating in the course of the opinion that,

"The one question to be determined is whether or not cause No. 4202 of the superior court for Kitsap county is *res judicata* in this action."

In the statement of the case, this court, referring to the answer of the defendants, states that the same

" . . . denied the material allegations of the complaint, and affirmatively alleged, *among other things,* that the superior court for Kitsap county had, by decree made and entered on September 23, 1919, . . . decreed that the assessments against the prop-

erty of these respondents were null and void, . . ."
(italics supplied).

It was held that the plaintiff had not had his day in court, and that the decree rendered in the prior action was not *res judicata* as against him, the court concluding its opinion by stating, "the judgment is therefore reversed and remanded for further proceedings."

Upon filing of the remittitur in the superior court, defendants filed, without leave of court, an amended answer and affirmative defense, in which they reiterated their denials of the allegations of plaintiff's complaint and, in their first affirmative defense, pleaded at length their objections to the assessment against their property for the improvement in the course of which plaintiff's warrants were issued, very nearly as they had pleaded the facts in their complaint against Kitsap county in cause number 4202. They included a second affirmative defense in which they alleged that this action had not been commenced within the time limited by law.

Plaintiff moved to strike this amended answer upon several grounds: That the same was not filed by leave of court; that the action was regularly noted for trial; that all of the defenses were available to defendants when they filed their original answer; that to allow the amended answer to be filed would be unjust to plaintiff in that such filing would unduly delay the final determination of the cause, and that the amended answer was tendered purely for the purpose of delaying plaintiff in securing judgment. The trial court granted plaintiff's motion to strike the amended answer upon the grounds urged by plaintiff, and, upon the same day, entered judgment in plaintiff's favor, reciting the prior hearing on the pleadings, which the

court refers to as the trial of the cause, the judgment of dismissal entered in favor of defendants, plaintiff's appeal therefrom, the reversal of the judgment by this court and the remand of the action "for further proceedings." The judgment recites that, upon the trial of the action, all of the allegations of the complaint were proven, and that no issue of fact was raised relative thereto. The judgment proceeds to establish liens in plaintiff's favor upon the respective parcels of real estate owned by the several defendants, as demanded in plaintiff's complaint. To the order striking defendant's amended answer, and to the entry of judgment against them, defendants excepted, and from the judgment, they have appealed to this court.

Appellants assign as error the action of the superior court in striking their amended answer, and in entering judgment in the action without passing upon the sufficiency of their answer, referring to the pleadings in the prior action (number 4202), as a plea to the merits.

In their complaint in the action against Kitsap county (cause number 4202), the plaintiffs in that action (defendants in this) alleged, as facts, matters which, they contended, established the illegality of the assessments against their respective properties. In paragraph II of their original answer in this action, they referred to all of the pleadings in cause number 4202, and alleged, as above stated, that they made

" . . . all of the pleadings in said cause number 4202 a part of the affirmative defense herein the same as if fully set out."

Respondent did not move to strike this portion of appellants' affirmative defense, but allowed the same, without objection, to stand as pleaded. Appellants now contend that this portion of their affirmative de-

fense is the equivalent of an affirmative allegation of all facts pleaded in their complaint in cause number 4202, alleged to show the invalidity of the assessment against their several tracts of land. They also contend that the trial court abused its discretion in striking their amended answer, in which the facts which they rely upon as showing the invalidity of the assessments are specifically alleged.

From this affirmative defense in the original answer, and from the preliminary paragraph of the findings of fact entered by the trial court as a basis for its judgment of dismissal (being the judgment later reversed by this court), it appears that it was then the opinion of the trial court that all the files and records in cause number 4202 had been made a part of defendants' affirmative defense, and were before the court for consideration.

At that time, the court, believing that the decree in cause number 4202 constituted a bar to the prosecution of this action, did not proceed to inquire as to the merits of any other defense presented by the defendants, but ruled in defendants' favor on plaintiff's motion for a judgment upon the pleadings, and held that, under the pleadings as then before the court and the statements of counsel explanatory thereof, defendants were entitled to the entry of a judgment dismissing the action. Under this state of facts, the reversal by this court of the judgment of dismissal and the remand of the cause for further proceedings, placed the action again before the superior court in the same situation it would have been had the trial court, in ruling on plaintiff's motion for judgment on the pleadings, held that plaintiff's motion should be denied, but that, under the pleadings, defendants were not entitled to a judgment of dismissal,

and that the action should proceed regularly to trial upon the issues as made up.

The situation was not such as would have been presented, had both parties moved for judgment on the pleadings, it nowhere appearing from the record before us that defendants joined in plaintiff's motion. The decision of this court, reversing the judgment of dismissal, did not direct the entry of judgment on the pleadings in plaintiff's favor, but simply held that the plea of *res judicata* was not well taken, and that the judgment based thereon was erroneous. It can hardly be doubted but that the trial court, in case it had ruled against plaintiff on his motion for judgment upon the pleadings, but, at the same time, had held the plea of *res judicata* not well founded, would then have granted defendants leave to file an amended answer. The fact that an appeal to this court intervened, and that considerable time was necessarily consumed in such appeal, does not alter the situation, nor should defendants' rights be prejudiced thereby. Amendments to pleadings may be allowed after an appeal to this court and a remand for further proceedings, just as they may be allowed in the ordinary course of the preparation of a case for trial. *Interstate Savings & Loan Ass'n v. Knapp,* 20 Wash. 225, 55 Pac. 48, 931.

In the case of *Leaman v. Thompson,* 43 Wash. 579, 86 Pac. 926, this court held that the trial court erred in refusing to allow a trial-amendment of the complaint, the court having ruled that the complaint was insufficient, and it appearing doubtful to this court whether or not the allegations of the complaint, as filed, were broad enough to take to the jury the evidence which had been admitted. In the case at bar, it may be reasonably contended that appellants, in their original answer, intended to plead the invalidity of the assessment by reference to the complaint

in cause number 4202. The trial court, in ruling upon respondent's motion for judgment on the pleadings, expressly stated that it considered that it had before it all the files and records in the prior action. In the opinion of the trial court, it was necessary to consider these files for one purpose only, that of establishing the plea of *res judicata*, but had it been urged that the files were before the court for the purpose of admitting testimony as to the invalidity of the assessments levied, the court might well have ruled that, in the absence of any motion to make the same more definite, appellants' answer was sufficient for that purpose, or at least have permitted the filing of an amended answer. Pleadings should be liberally construed for the purpose of enabling the parties to present their respective contentions to the court to the end that substantial justice may be accomplished. *Chambers v. Hoover,* 3 W. T. 107, 13 Pac. 466; *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976; *Malloy v. Benway,* 34 Wash. 315, 75 Pac. 869.

█ It is true that, when a party desires to amend a pleading, the better practice, in the absence of an agreement on the part of opposing counsel that the amended pleading may be filed, is to tender the pleading, together with a motion for leave to file the same, but the same issue is presented to the court for determination where the proposed amended pleading is filed without leave of court, and the opposing party moves to strike it. It is difficult to see how the filing of the amended answer would have caused any particular delay in the trial of the case, as the action could have been set down for hearing at the early convenience of court and counsel.

Taking into consideration the affirmative defense pleaded by appellants in their original answer, the findings of the trial court above referred to, entered

as the basis for the judgment in appellants' favor, and the amended answer tendered by appellants after remand of the case by this court, we conclude that the refusal of the trial court to allow the filing of the amended answer constituted an abuse of discretion which requires the reversal of the decree entered in respondent's favor.

The decree appealed from is reversed, with instructions to permit the filing of the amended answer tendered by appellants.

MITCHELL, C. J., FULLERTON, and TOLMAN, JJ., concur.

HOLCOMB, J., dissents.

[1]Reported in 275 Pac. 726.