[No. 25125. Department One. March 20, 1935.]

FRANCES MAXINE ADAMS, *Respondent*, v. OTHO S. ADAMS, *Appellant*.[1]

*M. E. Mack,* for appellant.

TOLMAN, J.—On May 31, 1933, respondent, as plaintiff, filed her complaint against the appellant, as the defendant, seeking a divorce with alimony upon the ground of cruelty. Personal service was had upon the defendant on June 2, 1933. The defendant made no appearance, and in due time his default was properly entered. Thereafter, on July 18, 1933, an interlocutory decree was signed and filed.

On October 31, 1933, the defendant filed a petition to set aside and vacate the interlocutory decree; and that was followed later by an amended petition, which, among other things, denies all of the charges of cruelty contained in the complaint, and alleges that the defendant became violently ill with influenza on April 5, 1933, and

[1]Reported in 42 P. (2d) 787.

"That shortly subsequent to the defendant being severely attacked by the dreaded disease the 'flu,' April 5th, 1933, aforesaid, he became incapacitated and incompetent of comprehending the nature of any business transaction; that he in reality and in fact, lost his mind completely and was oblivious to the import of transactions and occurrences and to what transpired, and his demeanor and activities towards them. That he was totally without reasoning power or comprehension during the continuance of said condition, and that he has no recollection whatsoever of the occurrences during said continuance of said mental incomprehension and vacancy; and that his mind, as to what transpired up until the removal of said condition was totally void, and at all times until the removal thereof, he was without reasoning ability, and completely out of his mind.

"That the condition above referred to, continued until approximately October, 1933, when he regained normalcy and was advised, and from investigation learned what had happened and what he had done.

"That the plaintiff was conversant and had full knowledge of the foregoing facts, each and all thereof, and especially the mental condition of this defendant.

"That on the 10th day of June, 1933, eight days after the service of the summons and complaint was made upon the defendant, and while he was in the state heretofore expressed, he executed a property settlement, which property settlement is set out in full in the interlocutory decree in this cause; and that had this defendant not been in the state of mind aforesaid, he would not have executed said property settlement whatsoever. That the same is abnormal and unreasonable, in that he agrees therein to give the plaintiff three thousand dollars, she only having resided with him, as husband and wife, for a period of less than four months; and that your petitioner unqualifiedly believes and is informed that the amount of said property settlement, to-wit: three thousand dollars is exhorbitant, unreasonable and foundationless, in law and in fact. That all the property belonging to the defendant did not exceed in value fifteen thousand dol-

lars, and if required to be sold under forced sale, would not bring ten thousand dollars. That each, all and every of said property of whatsoever description, the defendant owned and had, prior to his marriage on January 5th, 1933, and the plaintiff, in no manner whatse*o*ver, augmented the property holdings of the defendant, nor added thereto, or increased the same whatsoever.

"That the interlocutory decree was obtained in this proceeding on the 18th day of July, 1933, at a time when this defendant was in the state of mind herein before alleged, and had he been normal he would not have permitted, without contest, the same to be heard; and that he is assured and believes and knows that the plaintiff, if he is permitted to present his evidence, will not be granted an interlocutory decree of divorce.

"That this defendant desires to contest the plaintiff's complaint and has a good and substantial defense thereto and hereby tenders, as Exhibit 'A' attached to the original petition, his answer to the plaintiff's complaint.

"Wherefore your petitioner ever prays that the interlocutory decree and property settlement, in this proceeding, be set aside and held for naught; and that he be permitted to file his answer in this cause, and that the action be set for trial; and such other and further relief as to the court may seem just and equitable."

The answer to the original complaint thus tendered consists of general denials of all charges.

A demurrer to this amended petition was interposed and sustained. The defendant refused to plead further, and a judgment followed dismissing his petition with prejudice. From that judgment, the defendant has appealed.

■ The facts alleged in the petition are most unusual, perhaps even improbable, and are such as are very difficult of proof; and yet, they are not inherently impossible. The demurrer admits all facts well pleaded; and on demurrer, the complaint must be construed liberally and in favor of the pleader. With

these rules in mind, it must be held that the appellant has alleged a total loss of mental capacity beginning at a time prior to the commencement of the action and continuing unabated and uninterrupted until long after the entry of the interlocutory decree and until just before his petition was filed.

It is further distinctly pleaded that this condition was fully known to respondent when she filed her complaint, when she caused it to be served, when she claimed a default, and when the trial was had and the interlocutory decree was entered.

Our statute on the vacation and modification of judgments is Rem. Rev. Stat., § 464 [P. C. § 8130], and so far as is here material, reads:

"The superior court in which a judgment has been rendered, or by which or the judge of which a final order has been made, shall have power, after the term (time) at which such judgment or order was made, to vacate or modify such judgment or order: . . .

"4. For fraud practiced by the successful party in obtaining the judgment or order;

"5. For erroneous proceedings against a minor [or] person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings; . . .

"7. For unavoidable casualty or misfortune preventing the party from prosecuting or defending; . . ."

Under either of the subdivisions numbered 4, 5 and 7, it would seem that the petition is invulnerable.

The judgment is reversed, with instructions to overrule the demurrer.

MILLARD, C. J., MAIN, BEALS, and GERAGHTY, JJ., concur.