[No. 26231. Department Two. December 7, 1936.]

ACME FINANCE COMPANY, *Appellant,* v. LEE MONOHON, *Respondent.*[1]

[1]Reported in 62 P. (2d) 1089.

*Koenigsberg & Sanford,* for appellant.

*Allen & Wilkins* (*Edgar R. Rombauer,* of counsel), for respondent.

MITCHELL, J.—This action is founded on two negotiable instruments, made by Lee Monohon, that were transferred by the payee before maturity to the plaintiff, Acme Finance Company, Inc., a corporation.

The defenses interposed were plain, legal defenses, consisting of lack of consideration and of fraudulent representations inducing the execution and delivery of the instruments, of which infirmities, it was alleged, the plaintff had knowledge. The prayer to the answer asked, among other things, a cancellation of the instruments, which were already past due when the action was commenced.

Trial by jury, demanded by the defendant, resulted in a verdict for the defendant. The plaintiff has appealed from a judgment on the verdict.

A number of errors have been assigned. Our conclusion on one of them makes consideration of the others unnecessary.

In the course of the trial, after the plaintiff put in its proof and just before the defendant rested his case, the plaintiff moved for a voluntary nonsuit. The motion was denied. This ruling was excepted to, and is assigned as error. The assignment must be sustained.

Rem. Rev. Stat., § 408 [P. C. § 8122-1], provides that an action may be dismissed by the court and a judgment of nonsuit rendered in the following cases:

"1. Upon the motion of the plaintiff, (a) when the case is to be or is being tried before a jury, at any time before the court announces its decision in favor of the defendant upon a challenge to the legal sufficiency of the evidence, or before the jury retire to con-

sider their verdict, . . . Provided, That no action shall be dismissed upon the motion of the plaintiff, if the defendant has interposed a set-off as a defense, or seeks affirmative relief growing out of the same transaction, or sets up a counter claim, either legal or equitable, to the specific property or thing which is the subject matter of the action. . . ."

In this case, the defendant did not interpose a set-off, nor did he set up a counterclaim; so that the motion should have been granted, unless the situation was covered by that portion of the proviso which says, "or seeks affirmative relief growing out of the same transaction." Here, there was neither proof nor pleading entitling the defendant to any affirmative relief. True, the prayer, alone, to the answer speaks of cancellation of the instruments, but the prayer to the answer, in this case, cannot enlarge the scope of the pleading, and, if it were otherwise, still it could not be held sufficient, if proven, to entitle the defendant to any affirmative *relief*.

In an action by a transferee on a past due negotiable instrument, the defenses of lack of consideration and of fraud in procuring the instrument to be signed, of which the plaintiff is charged with knowledge, are not defenses entitling one to any affirmative relief, such as cancellation of the instrument. On the contrary, they are legal defenses, perfect and complete. That is, they are *defenses* as distinguished from giving *any right to affirmative relief*. The defenses established defeat the action, and there is no need for affirmative relief.

Protection against an outstanding obligation which, by its terms, is not yet due, obtained by fraud, may call for affirmative *relief*. Not so here, where the defenses set up are legal and complete, to the same extent that payment would be.

The applicable rule is well set out in the case of

*Cripe v. Wade,* 123 Ore. 111, 261 Pac. 72. That action was one on a promissory note, to which defenses, among others, of fraud and failure of consideration were set up. The defendant also alleged that he had no plain, complete, and adequate remedy at law, and prayed for a decree that the note be delivered into court and cancelled as null and void. The case was tried without a jury and decided in the trial court in favor of the plaintiffs, because the legal defenses were not established by the evidence. The judgment was affirmed, and in the decision the supreme court found it necessary to decide whether or not the cause was of equitable cognizance, as affecting the right of trial *de novo* in the supreme court, from the standpoint of the weight of the testimony. It was held that there was no equity in the defenses, and that the defendant had a full, complete, and adequate remedy at law.

Further, upon this point, it was said:

"There is no danger that the note may come into the hands of an innocent purchaser, for it is past due and subject to all the equities and defenses that might be considered as against the plaintiff. Furthermore, all of the defenses here interposed are available in a law action and, if either of them were established, such adjudication would be a bar to recovery by anyone to whom the note was assigned. We see no ground for equitable jurisdiction: *Cincinnati H. & D. R. Co. v. McKean,* 64 Fed. 46; *The Sailors v. Woelfle,* 118 Tenn. 755 (102 S. W. 1109, 12 L. R. A. (N. S.) 881); *Shain v. Belvin,* 79 Cal. 262 (21 Pac. 747); *Lewis v. Tobias,* 10 Cal. 574; *Fuller v. Percival* (Second Suit), 126 Mass. 381; Black on Rescission and Cancellation, § 405; Pomeroy's Eq. Jurisprudence (4th ed.), § 2107; 9 C. J. 1193."

See, also, *Johnson v. Swanke,* 128 Wis. 68, 107 N. W. 481, 5 L. R. A. (N. S.) 1048, and cases cited.

Authorities dealing with the equitable right to cancellation of outstanding municipal warrants, alleged

396

to be fraudulent and which have no expressed date of maturity, relied on by respondent, are not applicable.

Judgment reversed.

MILLARD, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.

