[No. 26609.  Department Two.  December 29, 1937.]

LAVINIA BULLOCK, *Appellant*, v. WILLIAM B. PARSONS, as *Executor, Respondent*.[1]

*Edward H. Chavelle*, for appellant.

*Carkeek, McDonald, Harris & Carroll* (*Beverly S. Wilkerson*, of counsel), for respondent.

ROBINSON, J.—This action was brought against the executor of John W. Bullock by the divorced wife of the deceased.  Prior to the divorce, which occurred in 1922, the Bullocks entered into a property settlement which we have held, in a companion case, *Bullock v. Parsons*, 192 Wash. 140, 73 P. (2d) 354, had the effect of making the family residence situated at 1220 Tenth

[1]Reported in 74 P. (2d) 892.

avenue, Seattle, the sole and separate property of Mr. Bullock. The property settlement was entered into on July 27, 1921, and, as amended on January 12, 1922, and later approved by the court in the divorce action, contained the following provision with reference to that property:

" . . . ; and further agrees [that is the husband agrees] that when the home property, situated at 1220 Tenth Avenue, Seattle, together with the two lots on which it is situated, is sold that the husband will pay the wife all the proceeds thereof that he receives in excess of the sum of $20,000.00, immediately upon the consummation of said sale; that he will do what he can to sell said property and will not sell the same without the consent of the wife, unless he obtains the sum of $30,-000.00 therefor, it being agreed that either party may negotiate for the sale of said property, and upon the purchaser being obtained in the sum of $20,000.00 or over therefor, husband shall execute and deliver the deed for the same and give to said wife all he received for the same over and above the said sum of $20,000.00 with the understanding, however, that the husband will not sell for a sum less than $30,000.00 unless the wife agrees thereto. And it is further agreed that until a sale is obtained of said property, the said wife may occupy the same, rent free, as a tenant of said husband, but upon a sale being made she will immediately vacate; and in any event she shall not occupy said premises later than July 1, 1922, at which date in any event she shall vacate said premises."

This action was commenced in August, 1936. It is not based upon any theory of joint venture or upon any theory of trust, or upon the theory that the plaintiff, in effect, retained some sort of equitable lien on the property. It purports to be, and is, a straight suit at law to recover damages for an alleged breach of contract.

A demurrer, for want of facts, was sustained to the original complaint. An amended complaint was filed, and a similar demurrer sustained to that, and, the plaintiff refusing to plead further, the action was dismissed.

On appeal, two assignments of error are made: First, that the court erred in sustaining the demurrer to the original complaint; and second, in sustaining the demurrer to the amended complaint and dismissing the action.

The first assignment will be disregarded, since, if any error was committed in ruling upon the original complaint, it was waived by the filing of the amended complaint. *Noble v. Martin*, 191 Wash. 39, 70 P. (2d) 1064, and cases therein cited.

The amended complaint, after setting out the contract, alleges that, on or about July 1, 1931, the plaintiff secured a purchaser who was ready, able, and willing to purchase the property for the sum of $42,000, but that the deceased, by his acts and conduct, prevented the sale. The respondent, relying upon the statute of limitations, contends that the amended complaint alleges that the breach, in fact, occurred fifteen years before this action was begun, calling attention to the following language in the sixth paragraph, wherein it is alleged, concerning Mr. Bullock, that he:—

" . . . from the date of the signing of said agreement of July 27, 1921, up to the time of the death of the deceased, persisted in discouraging all prospective purchasers by refusing admittance and causing to be excluded all persons who attempted to inspect the property with the intent of purchasing the same. . . ."

In ruling upon a demurrer, the complaint is entitled to every favorable intendment. We think the language quoted does not allege a breach which would sustain an action for damages. We construe that portion of the pleading as intended merely to show bad faith. The real and actionable breach is alleged to have occurred on or about July 1, 1931, and the action was, therefore, brought within the time limited by law,—*if* the contract was, at that time, still in force and effect.

The respondent quotes in his brief from a note in 11 L. R. A. 526, as follows:

"When no time of performance is fixed by the contract, a reasonable time for its performance will be implied, *taking into consideration all the circumstances of the case.*" (Italics ours.)

This is, undoubtedly, a correct statement of a familiar and universally accepted rule.

It is assumed from the briefs and the oral argument that the trial court sustained the demurrer because it reached the conclusion that a period of between nine and ten years was more than a reasonable time for the performance of the contract. That conclusion may ultimately turn out to be entirely correct. But how can the trial court, in ruling upon a demurrer, take "into consideration all the circumstances of the case?" And how can this court do so in reviewing such a ruling?

We do not think that the question as to what was a reasonable time for performance of the contract upon which this action is brought can be decided on demurrer. It can only be determined upon consideration of a number of facts and circumstances not yet appearing in the record, such as, for example, the condition of the real estate market at the time, whether the neighborhood in which the property was established was improving or retrograding, the financial condition of the parties at the time, and so on. A court, of course, cannot take judicial knowledge of such matters. They can only be established by evidence.

The judgment and order appealed from is reversed, and the cause remanded for further proceedings.

STEINERT, C. J., BEALS, MILLARD, and GERAGHTY, JJ., concur.