[No. 28121. Department One. June 5, 1941.]

LIDRAL CONSTRUCTION CO., INC., *Appellant*, v. J. N.
PARKER *et al.*, *Respondents.*[1]

*Edward J. Burns, Robert B. Lytel* and *Solie M.
Ringold,* for appellant.

*Henderson & McBee,* for respondents.

STEINERT, J.—This is an action to recover the balance
alleged to be due upon a building contract, and to fore-
close a contractor's lien for the amount of such claim.

[1]Reported in 113 P. (2d) 1022.

A demurrer to plaintiff's fourth amended complaint was sustained, and, plaintiff having elected to stand upon that pleading, the trial court entered judgment of dismissal of the action. Plaintiff appealed.

The question before us is whether or not the fourth amended complaint, hereinafter referred to simply as the complaint, stated a cause of action.

The allegations of the complaint will be set forth, in part, according to their substance, and, in part, by direct quotation, as follows: · Appellant, Lidral Construction Company, is a corporation engaged in building operations. Respondents, J. N. Parker and wife, are the owners of a certain store building, in Mount Vernon, Washington. On April 28, 1938, appellant and respondents entered into a written contract, by reference made a part of the complaint, under which appellant agreed to make certain alterations and additions to respondents' store building, and to furnish all of the materials and to perform all of the labor necessary to complete the work according to plans and specifications prepared by the architect named in the contract. The price agreed upon for the work, including both material and labor, was five thousand, seven hundred and seventy-five dollars payable in semimonthly installments based on the progress of the work. Article five of the contract, relating to final payment, provided:

"The Architect will give final certificate for payment after receipt from the Contractor of a written notice. that the building is entirely completed, and Final Inspection and acceptance by the Architect, and final payment will be made as per [certain specified articles in the "General Conditions" of the contract] upon delivery to the Architect, or the Owner of a waiver for all liens and claims for or on account of the building or work embraced in the Contract, thirty (30) days after completion, and written release from Bonding Co."

Likewise, article thirty of the "General Conditions" of the contract, which also were made a part of the complaint, reads as follows:

"LIENS:—The final payment or any part of the retained percentage shall not become due until the Contractor shall deliver to the Owner a complete release of all liens arising out of this contract, or receipts in full in lieu thereof and, if required an affidavit that so far as he has knowledge or information the releases and receipts include all the labor and materials for which a lien could be filed, but if the Contractor fails or refuses to furnish a release or receipt in full, the Owner may retain a sufficient amount to indemnify him against any lien. If any lien remain unsatisfied after all payments are made, the Contractor shall refund to the Owner all moneys that the latter may be compelled to pay on such lien, including costs and a reasonable attorney's fee."

Appellant completed performance of the work on December 6, 1938, and, on February 11, 1939, the architect issued a final certificate to the effect that, under the terms of the contract, appellant was entitled to final payment, in the amount of $900.39. On February 28, 1939, appellant filed a lien, in that amount, upon the property.

Paragraph nine of the complaint contains the allegations which present the crux of this controversy. We therefore quote the paragraph in full:

"That after demand was made upon [by] the plaintiff [appellant] for payment of the balance of the money due under the contract, the defendant [respondent J. N. Parker] refused to pay the same or any part thereof by reason of the fact that the marquee was defective. That at such time there were three lien claims filed against the property, such lien claims representing a 15% balance on the work performed, and which were to be paid out of the balance of the funds held by the defendant as agreed by the lien claimants. That such claims were as follows: E. D. Fisher—$89.50, Geo. F.

Treese—$86.29, A. H. Hamre—$113.12. That since the filing of the complaint, the claims of Treese and Fisher have been paid by the defendants, leaving only the claim of A. H. Hamre unsatisfied. That the defendant was fully informed of the existence of these claims at the time the demand for payment was made, and that the plaintiff was ready and willing at all times to pay such claims or to provide that sufficient amount should be retained by the defendant to pay such claims, but that the defendant absolutely refused to pay the plaintiff or lien claimants any amount whatsoever solely upon the ground that the marquee was defective, and that the defendant would not pay any sum whatsoever to the plaintiff. That the tender of release of these claims or the satisfaction of them by the plaintiff would have been a useless and idle ceremony by reason of the fact that the defendant would not have, in any case, paid the balance due the plaintiff due to the defendant's claim that the marquee was defective. That at all times defendant contended that he owed nothing to plaintiff under the contract, and would not pay regardless of any action of the plaintiff unless the marquee was repaired. That after the payment of the claims of Treese and Fisher, there is a balance due and owing the plaintiff of $724.60. That the claim of A. H. Hamre has intervened in these proceedings, and the plaintiff has deposited its check with the court to cover such claim."

Respondents contend that the demurrer to the complaint was properly sustained, for three reasons: (1) because, by the terms of the contract, final payment was not to become *due* until appellant had delivered to respondents waivers or releases for all liens and claims arising out of the performance of the contract, or, in lieu of such waivers and releases, receipts in full, and that, therefore, the pleading was vitally defective in that it did not allege that such waivers, releases, or receipts had been delivered to respondents; (2) because the complaint contained no allegation that the Hamre lien, mentioned in the pleading, was the *only*

unsatisfied lien or possible claim against the premises; and (3) because appellant's pleading did not specifically allege that, despite respondent's claim to the contrary, the marquee was properly constructed.

It is the accepted rule that, for the purpose of determining the effect of a pleading, its allegations must be liberally construed, to the end that substantial justice may be accomplished between the parties concerned. Rem. Rev. Stat., § 285 [P. C. § 8369]; *Isaacs v. Holland*, 4 Wash. 54, 29 Pac. 976; *Johnson v. Berg*, 151 Wash. 363, 275 Pac. 721. Accordingly, we have consistently held that, on demurrer, a complaint will be construed liberally, in favor of the pleader, in determining whether or not a cause of action reasonably can be inferred from the averments of the pleading. *Bjorklund v. Continental Casualty Co.*, 161 Wash. 340, 297 Pac. 155; *Adams v. Adams*, 181 Wash. 192, 42 P. (2d) 787; *Bullock v. Parsons*, 193 Wash. 79, 74 P. (2d) 892; *Ankeny v. Pomeroy Grain Growers*, 170 Wash. 1, 15 P. (2d) 264.

The complaint before us is not as clear and explicit as it might be, but, in the light of the rules just stated, we believe that it is sufficient as against a demurrer, and that it calls for an answer. We will analyze the pleading in the light of the three objections set forth above.

With reference to appellant's failure to deliver waivers, releases, or receipts, we are of the view that, although the complaint does not in so many words allege that those requirements had been waived by respondents, it is nevertheless fairly clear that such was the intent and legal effect of the pleading. It alleges that the *sole* ground upon which respondents refused payment was that the marquee was defective. If that was the only ground for withholding payment from appellant, then it must follow that all other grounds

were waived by respondents. Had the complaint expressly alleged that respondents had waived the delivery of the above mentioned instruments, it would merely have been a legal conclusion from facts already stated in the complaint. We are not here concerned, of course, with the degree of proof necessary to establish a waiver on the part of respondents, but simply with the sufficiency of appellant's pleading to raise that issue. We hold that the complaint was sufficient in that respect.

As to respondents' second objection, namely, that there was no allegation that the Hamre lien was the *only* unsatisfied lien, we are of the opinion that the complaint, despite the fact, again, that it is not as clear and explicit as it might be, is nonetheless reasonably susceptible to the construction that there were no unsatisfied liens other than the one specifically mentioned, and that such construction was intended by the pleader. What has already been said with reference to respondents' first objection, is also pertinent here.

As to the third objection, which involves the allegedly defective marquee, respondents argue that the pleading refers to the defect as an admitted fact. We do not entertain that view. When paragraph nine, quoted above, of the complaint is read in its entirety, it is apparent that what was meant thereby was simply that *respondents were contending* that the marquee was defective, not that such was an actual fact. Earlier in the pleading, appellant had alleged "completed performance" of the work and the issuance by the architect of the final certificate evidencing completion according to the terms of the contract. The entire pleading is drawn upon the theory that the amount in controversy was due and owing for work completed in accordance with the provisions of the written agreement between the parties.

134

Some of the contentions that respondents have made herein may, in law, constitute proper defenses, to be set forth in an answer. But that situation is not before us, and we express no opinion thereon. We simply hold at this time that, under the rules of construction above stated, the complaint now under consideration is suf-. ficient as against a general demurrer.

The judgment is reversed, with direction to the trial court to overrule the demurrer.

ROBINSON, C. J., MAIN, BLAKE, and DRIVER, JJ., concur.