[No. 28141. *En Banc.* July 18, 1941.]

JOHN SANDGREN, *Respondent,* v. HARRY T. WEST, *Defendant,* HAZEL WEST, *Appellant,* THE NATIONAL BANK OF COMMERCE OF SEATTLE, *Garnishee Defendant.*[1]

[1]Reported in 115 P. (2d) 724.

*McMicken, Rupp & Schweppe* and *Bernard Reiter,* for appellant.

*Robbins & Rickles* and *George E. Mathieu,* for respondent.

MAIN, J.—This is an appeal from a judgment in a garnishment proceeding wherein the trial court refused to hold exempt from garnishment certain funds which admittedly belonged to the appellant Hazel West as her separate property; and also refused to set aside a default judgment against her.

The facts will only be stated in so far as it appears to us that they are necessary to present the controlling question upon this appeal.

Harry T. West and Hazel West were husband and wife, and were the owners of an automobile. In September, 1934, the respondent, John Sandgren, brought an action against the community to recover damages for serious and permanent injuries sustained as the result of being struck by an automobile, at the time driven by Mr. West. Paragraph one of the complaint was as follows:

"That Harry T. West and Hazel West are now, and at all times herein mentioned have been, husband and wife and as such constitute a marital community under the laws of the State of Washington, and are the owners of a certain Buick automobile as their community property, which said automobile was being used during all times herein mentioned by the said defendants, for and on behalf of the marital community composed of them, and for their express use and benefit, and for the benefit of said marital community."

The prayer of the complaint was for "a judgment against the defendants, and each of them, and against the community composed of said defendants in the sum of $10,000.00, . . . " The defendants Mr. and Mrs. West did not appear in the action, and judgment was taken against them by default.

In March, 1939, Mr. West was killed in an airplane accident, at which time he was employed by the Boeing Aircraft Company. That company carried an insurance policy covering its crews engaged in making test flights, which Mr. West was doing at the time of his death. Subsequent to his death, there was paid to Mrs. West, upon insurance policies in which she was named as beneficiary, the sum of two thousand dollars, and there was also paid to her the sum of five thousand dollars out of the proceeds of the policy taken out by the Boeing company. The funds from both sources were deposited in The National Bank of Commerce in Seattle. Thereafter, a writ of garnishment was served upon the bank, and the trial court apportioned the funds, giving to Mrs. West that portion which was derived from policies in which she was named as beneficiary, but denied the quashing of the writ in so far as that portion coming from the Boeing Aircraft Company was concerned. Mrs. West moved, in the garnishment proceeding, to quash the garnishment and to set aside the default judgment against her in her indi-

vidual capacity, and, as above appears, she was denied this relief.

The controlling question, as we view it, is whether the complaint states facts sufficient to justify the taking of a default judgment against Mrs. West in her individual capacity.

This court is committed to the doctrine that the spouse who does not commit the tort cannot be held personally liable therefor. *Hicks v. Baumgartner,* 96 Wash. 71, 164 Pac. 743; *Perren v. Press,* 196 Wash. 14, 81 P. (2d) 867.

Where an action is brought against a party, he has a right to presume that no other or different judgment will be taken against him by default than the facts alleged will warrant. In *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777, it is said:

"When a party is sued he has a right to presume that no other or different judgment will be taken against him by default than the facts alleged will warrant, and he may safely rely on that presumption until he has actual or constructive notice to the contrary."

It will be observed that the paragraph of the complaint, above quoted, recites that the

" . . . automobile was being used during all times herein mentioned by the said defendants, for and on behalf of the marital community composed of them, and for their express use and benefit, and for the benefit of said marital community."

If the complaint states a cause of action against Mrs. West in her individual capacity, it is by reason of the statement therein "for their express use and benefit."

In the case of *Killingsworth v. Keen,* 89 Wash. 597, 154 Pac. 1096, the wife had committed the tort, and the question was whether a judgment could be taken against the husband upon an allegation in the com-

plaint that the automobile involved was used " 'for the benefit of the marital community of the plaintiff and herself.' " In that case, it was held that the bare and general allegation " 'for the benefit of the marital community' " was insufficient as against a demurrer to overcome the presumption of nonliability of the community, as no sustaining facts were pleaded. It was there said:

"The tort was presumptively not for the benefit of the community, and facts must be pleaded to disturb that presumption."

We see no difference, in legal effect, in an allegation "for the benefit of the marital community" and one "for their express use and benefit." In support of the last allegation, no sustaining facts are pleaded, as the law required. The default judgment against Mrs. West was void because no facts were alleged in the complaint which would permit a judgment against her by default, in her individual capacity.

In the case of *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23, after reciting that it was elementary law that a default judgment could not award any relief beyond that which the facts alleged in the complaint showed the plaintiff was legally entitled to, it is said:

"This also means, of course, that if a complaint wholly fails to state facts legally entitling the plaintiff to any recovery, or states facts affirmatively showing that the plaintiff has no right of recovery, as those complaints did, a default judgment rendered thereon is void, just as such a default judgment would be void in so far as it awarded relief beyond that which the allegations of the complaint showed the plaintiff legally entitled to."

In the case of *Roche v. McDonald,* 136 Wash. 322, 239 Pac. 1015, 44 A. L. R. 444, after reciting, as in the

previous case, that it has become the settled law of this state that a judgment rendered by default rests solely upon the allegations of the complaint, it was said that a judgment rendered by default upon such complaint

" . . . is void, or in any event voidable, and that such a judgment may be successfully assailed, collaterally or otherwise, whenever it is sought to be made the foundation of a claim of right."

The statement in this quotation, "in any event voidable," was undoubtedly an inadvertence, in view of what immediately follows it, because, if the judgment was only voidable, it could not be attacked collaterally.

It is true that the prayer of the complaint in the present case asked for a judgment, not only against the community, but against the defendants individually. The prayer, however, cannot enlarge the scope of the pleading and is no part of the complaint. *Cascade Lumber Co. v. Hargis*, 167 Wash. 409, 9 P. (2d) 366; *Acme Finance Co. v. Monohon*, 188 Wash. 392, 62 P. (2d) 1089.

We have not overlooked the rule that, where the complaint is ambiguous, the prayer may be considered in aid of the interpretation thereof. *Aid v. Bowerman*, 132 Wash. 319, 232 Pac. 297. The complaint in the case now before us is not ambiguous, but, in legal effect, it is not sufficient to justify the default judgment against Mrs. West. A prayer cannot change the legal effect of what is alleged in the complaint. *Hart v. Martin*, 299 S. W. (Tex. Civ. App.) 520. The appellant was entitled to the relief which she sought.

The judgment entered will be reversed and the cause remanded, with direction to the superior court to quash the writ of garnishment and set aside the default judgment against the appellant.

BEALS, MILLARD, BLAKE, and DRIVER, JJ., concur.

500

STEINERT, J. (dissenting)—As indicated in the majority opinion, that portion of the complaint which is material to the present controversy reads as follows:

"That Harry T. West and Hazel West [defendants] are now, and at all times herein mentioned have been, husband and wife and as such constitute a marital community under the laws of the State of Washington, and are the owners of a certain Buick automobile as their community property, which said automobile was being used during all times herein mentioned by the said defendants, for and on behalf of the marital community composed of them, *and for their express use and benefit,* and for the benefit of said marital community." (Italics mine.)

The prayer of the complaint was for "a judgment against the defendants, *and each of them,* and against the marital community composed of said defendants in the sum of $10,000." (Italics mine.)

The summons and complaint were served personally on each of the defendants husband and wife. Neither of the defendants, however, appeared in the action, and an order of default was accordingly entered against both of them.

Thereafter, plaintiff submitted evidence upon his complaint, and, pursuant thereto, the court made a finding identical with the allegations of the complaint as above quoted, and drew therefrom the conclusion that plaintiff was entitled to judgment against the defendants *and each of them* in the sum of ten thousand dollars. The judgment, which was entered October 19, 1934, followed the language of the court's conclusion.

No attack whatever was made upon the judgment until December 20, 1939, five years later, and after the death of the defendant husband, at which time the defendant wife, Hazel West, appellant herein, filed a motion to discharge the writ of garnishment which had been issued shortly before, and to modify, amend,

or set aside the judgment which had been entered in 1934. The motion was based upon several grounds, and, upon a hearing of the motion, evidence by way of oral testimony was taken. However, the record contains no evidence bearing upon the question of the invalidity of the original judgment.

Although it appears from the complaint that the husband was driving the automobile at the time of the accident, the appellant wife was plainly advised by the summons and the complaint, both of which were served upon her personally, that a judgment against *her*, as well as against the husband and the marital community, was sought.

The relief thus sought was based upon the allegation, in the complaint, that the automobile was being driven, at the time, for "their express use and benefit" *and* "for the benefit of said marital community"; in other words, it was alleged, in effect, that the vehicle was being operated not only for the benefit and use of the community, but also for the *express* use and and benefit of both of the defendants individually. The complaint may have been subject to a motion to make more definite and certain with reference to the wife's alleged individual liability, but, conceding that the pleading was subject to a motion of that character, no such motion was ever made.

It is the accepted rule that, for the purpose of determining the effect of a pleading, its allegations must be liberally construed, to the end that substantial justice may be accomplished between the parties concerned. Rem. Rev. Stat., § 285 [P. C. § 8369]; *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976; *Johnson v. Berg,* 151 Wash. 363, 275 Pac. 721; *Lidral Construction Co. v. Parker, ante* p. 128, 113 P. (2d) 1022.

Even upon demurrer, a complaint will be construed liberally, in favor of the pleader, in determining

whether or not a cause of action reasonably can be inferred from the averments of the pleading. *Bjork-lund v. Continental Casualty Co.*, 161 Wash. 340, 297 Pac. 155; *Ankeny v. Pomeroy Grain Growers*, 170 Wash. 1, 15 P. (2d) 264; *Adams v. Adams*, 181 Wash. 192, 42 P. (2d) 787; *Bullock v. Parsons*, 193 Wash. 79, 74 P. (2d) 892. In the absence of a demurrer, as was the case in this instance, there is at least equal, if not greater, reason for a liberal construction of the pleading.

The same rule is most forcefully applicable after final judgment has been rendered, as had been done in the case at bar.

"But our present inquiry must also proceed in the light of the equally well-recognized rule that, after the rendering of final judgment in a case, in the absence of any attack upon the complaint for want of sufficient statement of facts constituting a cause of action, which situation is, of course, *presented upon default, the complaint will be most liberally construed as stating a cause of action warranting the granting of the relief prayed for.* [Citing cases.]" [Italics mine.] *Aid v. Bowerman*, 132 Wash. 319, 232 Pac. 297.

Under the allegations of the complaint now before us, it would have been competent to prove that Mrs. West, the appellant wife, was present·at the time of the occurrence, and that she had participated in the negligent operation of the car. It would also have been competent to prove that the car was being used and operated,·at the time, on the individual business of appellant wife. Although the husband was driving the car, there may indeed have been many circumstances which would have rendered the wife liable, and proof of which would have been admissible under the allegations of the complaint.

As already stated, evidence upon the original complaint was submitted, but since that evidence was not

preserved in the record, we have no means of knowing what it was. We have simply the finding that the car was being driven for the express use of both defendants as well as of the marital community. It must therefore be presumed that there was evidence to the effect that the automobile was being operated, at the time, for the express use and benefit of appellant, who was one of the defendants below.

The judgment in this instance cannot be said to be void, because its invalidity does not appear upon the face of the record, and, conceding that the present proceeding constitutes a direct attack upon the judgment, there is no evidence of any facts tending to establish its invalidity.

It is said in the majority opinion that the prayer of the complaint cannot enlarge the scope of the pleading and is no part of the complaint. That is true. But it is equally true that, when a complaint is susceptible of being construed as stating a cause of action, and also is susceptible of being construed to the contrary, and the allegations of the complaint do not affirmatively show that the plaintiff cannot recover, the language of the prayer may be considered as an aid to the interpretation of the complaint. *Aid v. Bowerman,* 132 Wash. 319, 232 Pac. 297. In the case just cited we said:

"We conclude that the liberal rule of construction applicable to the determination of the question of whether or not the complaint constitutes a cause of action supporting a default judgment rendered thereon, calls for our holding that this complaint does state a cause of action against Mrs. Bowerman personally, as well as against her and Mr. Bowerman as members of the community; especially in view of the light thrown upon the allegations of the complaint by the language of the *plaintiff's prayer for judgment,* plainly giving Mrs. Bowerman notice that personal separate judgment would be claimed against her upon the alle-

gations of the complaint, as well as against Mr. Bowerman and the community." (Italics mine.)

The prayer of the complaint in the case before us gave appellant notice that a personal judgment was sought against her upon the ground that the car was being operated for her express use and benefit.

The majority opinion also relies upon the rule that the spouse who does not commit the tort charged cannot be held personally liable therefor, citing *Hicks v. Baumgartner,* 96 Wash. 71, 164 Pac. 743, and *Perren v. Press,* 196 Wash. 14, 81 P. (2d) 867. That rule is not applicable here, for the reason, as already stated, that the complaint and the findings in this case both state that the automobile was being used for the express use and benefit of the wife, as well as of the husband and of the community. In the cases just cited, the *evidence* was before the court, and it must be presumed that under that evidence there was no basis for a judgment against the particular spouse who sought immunity. In the case at bar, the evidence is *not* before us, and it must therefore be presumed that there *was* evidence to support the judgment.

The majority opinion next quotes from *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777, as follows:

"When a party is sued he has a right to presume that no other or different judgment will be taken against him by default than the facts alleged will warrant, and he may safely rely on that presumption until he has actual or constructive notice to the contrary."

In that case, it appeared that a prior suit had been brought against a man and his wife upon two promissory notes executed by the husband alone. The complaint in the former action alleged that it was a *community obligation.* A joint and several judgment by default was taken against both the husband and the

wife. Sometime thereafter, the wife brought suit, in the above-entitled reported case, to reform the prior judgment by eliminating therefrom that portion which gave personal judgment against her. Upon the *evidence*, the trial court found that the attorneys for the plaintiff in the original action did not intend to take a personal judgment against the wife, but only one establishing the community character of the indebtedness. This court held, upon appeal, that the original judgment was unauthorized and improper, for the reason that, under our decisions, the utmost relief that a plaintiff is entitled to, as against a defendant wife, in an action upon a promissory note executed by the husband alone, is a judgment establishing the community character of the indebtedness. The above quotation from that case correctly stated the law, but it has no application to a case where, as here, the complaint alleges facts upon which the liability of the wife may be established.

The majority opinion also cites the case of *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23, as authority for the proposition that a default judgment cannot award any relief beyond that to which the plaintiff is legally entitled, upon the facts alleged in the complaint. In that case, however, this court held that the complaint showed *on its face* that there could be no recovery. Consequently, the default judgment could not award any relief at all. That is not the situation in the case at bar, because the complaint does not show upon its face that the respondent herein is not entitled to recover against appellant.

In construing the legal effect of the phrase "for their express use and benefit," the majority opinion herein relies wholly upon the case of *Killingsworth v. Keen,* 89 Wash. 597, 154 Pac. 1096.

In that case, suit was brought upon a contract, and

the defendant set up, as a counterclaim, that the plaintiff's wife had taken an automobile out of the defendant's garage, and had used it " 'for the benefit of the marital community of the plaintiff and herself' " for a period of four hours, during which time she had damaged it. The plaintiff demurred to the counterclaim as an attempt to set off a tort against a contract. The demurrer was sustained. On appeal, the decision of the lower court was affirmed on the ground that Rem. & Bal. Code, § 5929, provided that, for the injuries committed by a married woman, damages could be recovered from her alone, and that her husband could not be held responsible therefor. That case, therefore, falls within the rule, above stated, that, where the complaint or counterclaim shows on its face that there is no cause of action against the other party, recovery cannot be had, and a judgment thereon is void. Again, that is not the situation in this case, because the complaint here does state facts upon which the wife may be held liable, and therefore the judgment, rendered after evidence has been taken, is not void.

I dissent.

ROBINSON, C. J., SIMPSON, and JEFFERS, JJ., concur with STEINERT, J.