[No. 26610. Department Two. November 8, 1937.]

LAVINIA BULLOCK, *Appellant,* v. WILLIAM B. PARSONS, *as Executor and Trustee, et al., Respondents.*[1]

*Edward H. Chavelle,* for appellant.

*Carkeek, McDonald, Harris & Carroll (Beverly S. Wilkerson,* of counsel), for respondents.

GERAGHTY, J.—This appeal is from a judgment of the superior court entered after sustaining a demurrer to plaintiff's amended complaint.

It is alleged in the complaint that, on July 27, 1921, the plaintiff and John W. Bullock, since deceased, being then husband and wife, entered into a property settlement agreement which was modified by a supplemental agreement executed January 12, 1922. Thereafter, the parties were divorced by a decree of the superior court; the interlocutory order in which the property settlement was approved was entered February 16, 1922.

[1]Reported in 73 P. (2d) 354.

The agreement of July 27, 1921, after reciting that differences had arisen between the parties making it undesirable and impossible for them to live together, provided:

"Now, THEREFORE, it is agreed between the parties that they have come to a satisfactory agreement between themselves made by themselves as to a division of their property.

"This division is to be permanent. By this division said husband hereby gives to said wife the sum of Fifty thousand ($50,000) dollars in cash, the receipt whereof is hereby acknowledged; and said husband is at this time giving said wife a written agreement for the payment of Thirty thousand ($30,000) dollars under certain conditions when he sells a certain mine in California, and $10,000, if and when the residence is sold for $35,000, money to be paid into Seattle National Bank.

"It is also agreed and the husband hereby gives to the wife the household furniture (excepting the personal effects of the husband), now in the house occupied by them; and said household furniture hereby becomes the property of said wife.

"All other property of every nature and description owned or claimed by either of the said parties is and hereby becomes the sole and separate property of the husband, and said wife hereby grants and conveys to said husband all interest of any kind that she may have in such other property; and hereby agrees to give the husband such conveyances as he now desires or hereafter may require in conveying the same to him. . . .

"It is understood clearly that this settlement of property of both parties is made without any representation of any kind by one party to the other as to what each party may be worth, each party hereby agreeing that this is a final settlement of all property rights between said husband and said wife.

"In the future said husband is to have no interest in the $50,000 cash, the $30,000 claim or the household furniture and the $10,000 claim, and in the future said wife is to have no interest in such other property

herein set over to the husband; and in no future proceedings shall either of the parties ever claim any interest in the property thus given to the other by this agreement. So far as property rights are concerned said parties shall in the future be regarded as unmarried."

The supplemental agreement of January 12, 1922, provided:

". . . that when the home property, situated at 1220 Tenth Avenue, Seattle, together with the two lots on which it is situated, is sold that the husband will pay the wife all the proceeds thereof that he receives in excess of the sum of $20,000, immediately upon the consummation of said sale; that he will do what he can to sell said property and will not sell the same without consent of the wife, unless he obtains the sum of $30,000 therefor, it being agreed that either party may negotiate for the sale of said property, and upon the purchaser being obtained in the sum of $20,000 or over therefor, husband shall execute and deliver a deed for the same and give to said wife all he receives for the same over and above the said sum of $20,000 with the understanding, however, that the husband will not sell for a sum less than $30,000 unless the wife agrees thereto. And it is further agreed that until a sale is obtained of said property, the said wife may occupy the same, *rent free, as a tenant of said husband,* but upon a sale being made she will immediately vacate; and in any event she shall not occupy said premises later than July 1, 1922, at which date in any event she shall vacate said premises. . . .

"It is understood and agreed that except as changed herein, said property settlement of July 27, 1921, shall remain in full force and effect." (Italics ours.)

It is alleged that, after the date of the agreement, John W. Bullock never attempted to make a sale of the residence property and, in fact, discouraged prospective purchasers that the plaintiff had secured for the property; that at one time the appellant had se-

cured a purchaser who was ready, able and willing to pay the sum of forty-two thousand dollars, but,

". . . by reason of the conduct of the deceased, the said prospective purchaser was discouraged from making the purchase, and that the said conduct of the said deceased continued up until the date of his death."

It is alleged that the rents, issues and profits collected by the husband during his lifetime, and thereafter by his executor, between January 12, 1922, the date of the modified agreement, and June 12, 1936, amounted to twenty-five thousand eight hundred dollars; that, as owner of a one-half interest in the property, she is entitled to one-half of the rents and profits collected by John W. Bullock and his executor; and that her claim for one-half of this sum was rejected by the executor.

It is further alleged that defendant Parsons, as executor of the estate of John W. Bullock, wrongfully listed the property involved in the inventory of the estate as the separate property of the deceased, thereby casting a cloud upon the plaintiff's title to her undivided one-half interest.

The relief sought by the plaintiff is that her title to an undivided one-half interest in the residence property be quieted; that she have judgment against the estate of John W. Bullock for one-half of the rents and profits; and that a referee be appointed to partition the property between herself and the Bullock estate.

After the court had sustained the demurrer to the amended complaint, the plaintiff declined to plead further, and the judgment of dismissal appealed from was entered.

It is the appellant's contention that the property settlement agreement made no disposition of the residence property; that, being community property not

disposed of in the settlement or by interlocutory order, each of the parties, after divorce, became the owner of a one-half interest. Respondent, William B. Parsons, as executor and trustee of the estate of John W. Bullock, deceased, contends that the property settlement did dispose of all of the property of the parties, including the residence. The respondent also contends that the appellant is barred by laches from now asserting any interest in the property or claim on account of rental value.

Turning to the agreement, it is seen that it recites that the parties had come to a satisfactory agreement as to a division of the property. By this division, the wife was to receive immediately fifty thousand dollars in cash; thirty thousand dollars when a certain mining property was sold by the husband; ten thousand dollars if and when the residence was sold for thirty-five thousand dollars; the household furniture; and that.

"All other property of every nature and description owned or claimed by either of the said parties is and hereby becomes the sole and separate property of the husband, and said wife hereby grants and conveys to said husband all interest of any kind that she may have in such other property; . . ."

And it is apparent, we think, that the "other property" referred to is all property of the spouses other than the specific sums of money to be paid to the wife and the household furniture. This view is made certain by a subsequent paragraph of the agreement providing that

"In the future said husband is to have no interest in the $50,000 cash, the $30,000 claim or the household furniture and the $10,000 claim, and in the future said wife is to have no interest in such other property herein set over to the husband; . . ."

The supplemental agreement of January 12, 1922, did not change the plan of the first agreement. Its only effect was to increase the sum to be paid the wife contingent upon the sale of the home property for a higher price than twenty thousand dollars; that is to say, instead of receiving ten thousand dollars on the sale of the property for thirty-five thousand dollars, she was to receive all money realized from the sale above twenty thousand dollars.

That the residence was to be the separate property of the husband, is further evidenced by the provision of the supplemental agreement that, when a purchaser was obtained for the sum of twenty thousand dollars or over, the husband was required to execute and deliver a deed for the same, and the further provision that, for a limited time, the wife was permitted to occupy the property, *rent free, as a tenant of the husband.*

Our conclusion, being that the residence became the property of John W. Bullock by the terms of the settlement, renders it unnecessary to discuss the issue of laches. Nor are we concerned here with the question of what appellant's rights are, if any, by reason of the husband's breach of the agreement to make conveyance of the property to a purchaser willing to buy at a price satisfactory to the wife, as alleged in the complaint. This raises issues, apart from the present controversy, which are before the court in another case heard at this term.

The judgment of dismissal is affirmed.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.