HOYER, Appellant, vs. LUDINGTON, imp., Respondent.

*September 1 — September 20, 1898.*

*Agency: Authority: False representations: Pleading.*

1. One who employs an agent to sell a particular tract of land is not responsible for false representations made by such agent respecting the organization and stock of a corporation formed to purchase the land, with which the principal has nothing to do.
2. An allegation in a complaint that certain acts of an agent were within the apparent scope of his employment is a conclusion of law, and therefore not admitted by a demurrer *ore tenus*.

Hoyer vs. Ludington.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Kellogg & Carbys,* and oral argument by *J. O. Carbys.* They contended, *inter alia,* that the question involved in this case is the extent of the principal's liability for the unauthorized torts of his agent. According to the allegations in the complaint the principal is undisclosed, and the plaintiff is acting in ignorance of the agency. Hence no question as to whether the acts complained of were within the apparent scope of the agent's authority can arise. The test of liability in such a case is whether the acts were committed "in the course of the agent's employment." *Craker v. C. & N. W. R. Co.* 36 Wis. 657, 669. This is usually a question of fact, depending upon the circumstances of the case. *Pittsburgh, C. & St. L. R. Co. v. Kirk,* 102 Ind. 399, 52 Am. Rep. 675. The following cases illustrate the various states of facts in which the rule has been applied, and indicate the trend of judicial construction of this principle. *Law v. Grant,* 37 Wis. 548; *McKinnon v. Vollmar,* 75 id. 88; *Gunther v. Ullrich,* 72 id. 222; *Fishkill Sav. Inst. v. Nat. Bank of Fishkill,* 80 N. Y. 162; *Smith v. Munch,* 65 Minn. 256; *Quarman v. Burnett,* 6 Mees. & W. 499; *Johnson v. Barber,* 50 Am. Dec. 416; *Fifth Ave. Bank v. Forty-second St. & G. S. F. R. Co.* 137 N. Y. 231; 2 Thomp. Neg. 889, § 6; Wood, Master & S. 593, 594; *Eviston v. Cramer,* 57 Wis. 570; *Moir v. Hopkins,* 63 Am. Dec. 312; *Gerhardt v. Boatman's Sav. Inst.* 90 id. 407; Story, Agency, § 452, and cases cited; 1 Am. & Eng. Ency. of Law (2d ed.), 1151, note. The law above referred to is greatly strengthened where the principal has gained an advantage or benefit from the acts of his agent. *Morse v. Ryan,* 26 Wis. 356; *Burke v. Milwaukee, L. S. & W. R. Co.* 83 id. 410; *Wheeler & W. Mfg. Co. v. Aughey,* 144 Pa. St. 398, 27 Am. St. Rep. 638; *Mundorff v. Wickersham,* 63 Pa. St. 87,

3 Am. Rep. 531; *Busch v. Wilcox,* 82 Mich. 336; *Bennett v. Judson,* 21 N. Y. 238.

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper,* of counsel, and oral argument by *Jackson B. Kemper.*

CASSODAY, C. J.    The complaint alleges, in effect, that on April 10, 1891, and prior thereto, the defendant *Ludington* was the owner of the real estate described; that *Ludington,* for the purpose of disposing of the same, authorized and employed the defendant Myers as his agent to effect a sale of such land; that pursuant to such agency, and as incidental thereto, Myers, with one Bingham and others, pretended to organize a corporation under the laws of this state, with a capital stock of $35,500, divided into 3,550 shares, of $10 each, for the purpose of purchasing from *Ludington* the land described; that Myers acted, or pretended to act, as the secretary of the corporation; that Myers, as the agent of *Ludington* for the purpose of effecting a sale of the real estate aforesaid, induced the plaintiff to subscribe and pay for 150 shares of the stock, by falsely and fraudulently representing to the plaintiff that such corporation was duly and sufficiently organized as a legal and valid corporation for the transaction of the business of buying real estate, that the capital stock was of the amount and value stated, and duly subscribed for by solvent and responsible persons, and that at least twenty per cent. of the capital stock had then been paid into the treasury thereof in cash, whereas, in fact, fifty per cent. of the capital stock was not then, and never had been, taken or subscribed for, and such corporation was not then, and never had been, organized sufficiently for the transaction of business with others than its members, and was not then, and never had been, a legal or valid corporation, all of which was at the time well known to Myers; that Myers concealed from the plaintiff the fact that he was the agent

of *Ludington* for the sale of such real estate; that, relying
upon and believing such representations to be true, and in
ignorance of the fact that Myers was then acting as such
agent of *Ludington*, the plaintiff subscribed for such stock,
and paid to Myers $1,500 therefor; that the plaintiff, as such
stockholder, was afterwards called upon to pay, and did pay,
to Myers, as such officer of such corporation, from time to
time, in the aggregate $716.25; that on or about that time
*Ludington* conveyed to the corporation the real estate de-
scribed in consideration of $11,500 paid to him by the cor-
poration in cash, and $23,500 secured by a mortgage upon
the real estate so conveyed; that the money so procured
from the plaintiff by Myers was all paid by him to *Luding-
ton* for such conveyance, and for and on account of interest
on such mortgage; that said false and fraudulent represen-
tations, and each of them, were made by Myers as the agent
of *Ludington*, within the course and scope of his employment
as such, with intent to deceive the plaintiff; that such false
and fraudulent representations were unknown to the plaint-
iff until April 17, 1896; that the stock issued to and held by
the plaintiff is now, and always has been, absolutely worth-
less and without value.   Wherefore the plaintiff prayed judg-
ment against said *Ludington* and Myers for $2,216.25, with
interest, costs, and disbursements of this action.

The action having come on for trial before the judge and
a jury, and a witness having been upon the stand, the de-
fendant *Ludington* objected to any evidence under the com-
plaint as to him, upon the grounds that the complaint did
not state a cause of action as against him.   Thereupon the
court sustained the objection of *Ludington*, and ordered the
complaint as to him to be dismissed.   From the portion of
the judgment entered thereon accordingly, dismissing the
action as against *Ludington*, the plaintiff appeals.

There is no doubt of the general proposition that, if an
agent is employed to effect the sale of lands for his principal,

and he does so by means of false representations in respect
to the land conveyed, even without the authority or knowl-
edge of his principal, the latter is chargeable with such fraud
in the same manner as if he had known or authorized the
same. *Law v. Grant*, 37 Wis. 548; *McKinnon v. Vollmar*, 75
Wis. 82; *Gunther v. Ullrich*, 82 Wis. 222. And this is espe-
cially so where the principal accepts and enjoys the benefits
of the purchase. *Fintel v. Cook*, 88 Wis. 487. But, even then,
" the representation which is to bind the principal must be
made in reference to the subject matter of his agency; it
must be made while the agent is acting as such; and the
making of such a representation must be within the apparent
scope of his authority." Mechem, Agency, § 743. Here the
alleged false representations were not made in reference to
the sale of the land which was the subject matter of the
agency, but wholly in reference to creating and organizing a
corporation to purchase the land. There is no pretense that
*Ludington* had anything to do with the corporation or the
procuring of subscriptions to any of the capital stock of the
corporation. True, it is alleged that such false and fraud-
ulent representations, and each of them, were made by Myers
as the agent of *Ludington*, and while acting within the course
and scope of his employment. The demurrer *ore tenus* only
admitted the issuable facts alleged in the complaint, but did
not admit such mere conclusions of law from the facts al-
leged. *Aron v. Wausau*, 98 Wis. 592, and cases there cited.
The representations of Myers in respect to the corporation
and the capital stock thereof were not within the apparent
scope of his authority to sell the land. Besides, it appears
from the complaint that Myers was only an agent of *Lud-
ington* for the purpose of selling the particular lands in ques-
tion. He was not a general, but only a special, agent. "The
scope of the authority of a special agent is ordinarily much
more restricted than that of a general agent." Mechem,
Agency, § 285. " While a general agent may bind his prin-

cipal when acting within the scope of his apparent authority, although he exceeds his specific instructions, yet that is not the rule in the case of a special agent." *Bryant v. Bank of Commerce*, 95 Wis. 481, and authorities there cited. We are clearly of the opinion that the complaint fails to state a cause of action.

*By the Court.*— The portion of the judgment of the circuit court appealed from is affirmed.