[No. 19808.  Department Two.  July 8, 1926.]

THE STATE OF WASHINGTON, *Appellant*, v. W. ISHIKAWA
et al., *Respondents*.[1]

[1] ESCHEAT (4)—ACTION TO ESCHEAT—PLEADING—SUFFICIENCY. A demurrer to a complaint to escheat lands on account of alien ownership is properly sustained, where it is alleged that the title to the lands has been in a Japanese minor since prior to the enactment of the alien property law, and that the land is in the possession and under the control of two other Japanese whose connection with the minor is not shown and who are aliens, and it is not alleged, except as a conclusion of law, that they "are the real owners" of the land, and there is no allegation of fraud.

Appeal from a judgment of the superior court for King county, Honorable Charles E. Claypool, judge *pro tempore,* entered October 9, 1925, dismissing an action to escheat alien lands upon sustaining a demurrer to the complaint. Affirmed.

*Ewing D. Colvin* and *James M. Bailey,* for appellant.
*Guie & Halverstadt,* for respondents.

MACKINTOSH, J.—The judgment of dismissal of this action, for the reason that the complaint is too weak to withstand a general demurrer, must be affirmed.

The action was brought for the purpose of escheating farming land on the ground that it was held by aliens in violation of the constitution and laws of this state.  The first paragraph of the complaint charges that the respondents W. Ishikawa and Kiyo Ishikawa are Japanese husband and wife, and that the respondent Nellie Ishikawa is a minor American citizen.  There is no allegation of any relationship between the minor and the other respondents bearing the same surname. Paragraph II states that the property in question is

¹Reported in 247 Pac. 730.

farming land, and paragraph III alleges that the record title to the real property is in the name of Nellie Ishikawa, her title being derived by a warranty deed, dated September 18, 1918, and filed for record October 2, 1918. In paragraph IV it is stated that the respondent Griffin is guardian of the minor. Paragraph V alleges that the respondents W. Ishikawa and Kiyo Ishikawa have, at all times mentioned in the complaint, been in the actual possession and control of the land, farming it and marketing the produce, and that they are the real and true owners. The complaint ends with a prayer that the title to the land be escheated.

[1] Not only does the complaint fail to allege that Nellie Ishikawa, the record owner of the land, is in some way related to W. Ishikawa and Kiyo Ishikawa, but there is no allegation that the minor's parents were not American citizens as well as she. There is nothing contained in the complaint which shows that the minor is not entitled to own the real estate. A native born minor of Japanese parentage has the right to hold real estate in this state, and the complaint showing that this minor holds title by a warranty deed, the presumption is that it was purchased with her own money (*Stambaugh v. Lung*, 232 Ill. 373, 83 N. E. 922); and the fact that the deed was dated and filed some years before the enactment of the anti-alien land ownership law negatives any idea that there existed, at the time the title was received, any fraudulent intent to evade that law; in addition to the fact that there is no statement as to the parentage of the minor, for aught that appears, the parents may be dead and she inherited the property.

The only allegation that lends any color of right to escheat is that contained in paragraph V, that W. Ishikawa and Kiyo Ishikawa have been in the actual

possession and control of the property; but this is insufficient to state a cause of action, because, under many conditions, aliens might be in possession and control of real property and still the state not be entitled to escheat it. For example, they may have had a valid lease on this property at the time it was acquired by the minor. *State v. Natsuhara,* 136 Wash. 437, 240 Pac. 557. Nor is any strength added to the complaint by the further allegation, that W. Ishikawa and Kiyo Ishikawa "are the real and true owners thereof." That is nothing but the conclusion of the pleader, and the truth of it is not admitted by the general demurrer.

Complaints in actions of this kind are subject to rather critical consideration for the reason that, in essence, they are actions in fraud (*State v. Kosai,* 133 Wash. 442, 234 Pac. 5; *State v. Kurita,* 136 Wash. 426, 240 Pac. 554; *State v. Natsuhara,* 136 Wash. 437, 240 Pac. 557), and, unless the complaint clearly sets forth all the facts which are necessary to deprive a citizen owner of real estate of his title, a demurrer should be sustained.

The judgment is affirmed.

TOLMAN, C. J., PARKER, ASKREN, and MITCHELL, JJ., concur.