[No. 24486. Department Two. July 24, 1933.]

CASPER HAMP et al., *Appellants,* v. UNIVERSAL AUTO COMPANY et al., *Respondents.*[1]

[1]Reported in 24 P. (2d) 77.

586

*W. L. LaFollette, Jr.*, and *Edward M. Connelly*, for appellants.

*McCarthy & Edge* and *W. E. Dupuis*, for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries, and also property damage. To the complaint, one of the defendants, the Universal Auto Company, interposed a demurrer which was sustained. The plaintiffs refused to plead further, and from the judgment entered dismissing the action as to this particular defendant, they appeal.

The facts, as stated in the complaint, essential to present the question here for determination, may be summarized as follows: The parties will be referred to as plaintiffs and defendants, as in the superior court. The defendant Universal Auto Company is a corporation, with its principal place of business in the city of Spokane, where it is a dealer in new and second-hand automobiles. The defendants John R. Allen and Eunice Allen are husband and wife, and residents of the same city, as well as Verle R. Miller, the other defendant.

On or about July 5, 1932, the defendants John R. Allen and wife and Verle R. Miller were driving in a northeasterly direction on the state highway between Colfax and Pullman, in a Lincoln automobile owned by the Universal Auto Company, which company had instructed and directed Mr. Allen to take the automobile for the purpose of testing and trying out the same to determine whether he desired to purchase it. The

Universal Auto Company, being desirous of selling the automobile to Mr. Allen, and in the furtherance of that purpose and to enable Mr. Allen to thoroughly try and inspect the same, instructed and directed him to drive the automobile to Lewiston, Idaho, "thereby appointing said John R. Allen their agent and employee for the purpose of so demonstrating said automobile."

Verle R. Miller, with the knowledge and consent of the other defendants and at the special request of Mr. and Mrs. Allen, was driving the Lincoln automobile at the time the accident occurred which is the basis of this action. The Lincoln sedan, driven by Miller on the highway at approximately eight miles southeast of Colfax, collided with an automobile driven by the plaintiffs, and they sustained injuries and damages for which recovery is sought.

■ The question presented is whether the Universal Auto Company is responsible for the negligent acts which, it is alleged, caused the accident. The answer to this question depends upon whether Mr. Allen was the agent or employee of the auto company. If the relation between the parties was that of bailor and bailee, the owner of the automobile would not be responsible for the negligent acts of those who had the possession and use of it when the accident occurred. On the other hand, if Mr. Allen was the agent or employee of the auto company, acting within the scope of his agency or employment, his negligent acts would be imputed to the owner of the automobile. *Lloyd v. Northern Pac. R. Co.,* 107 Wash. 57, 181 Pac. 29, 6 A. L. R. 307; *Mitchell v. Churches,* 119 Wash. 547, 206 Pac. 6, 36 A. L. R. 1132.

■ The facts as recited in the complaint, other than the statement quoted to the effect that Mr. Allen was the agent and employee of the auto company, show

nothing more than the relation of bailor and bailee. The allegation that Mr. Allen was the agent and employee for the purpose of demonstrating the automobile was a mere conclusion of the pleader. A demurrer admits all facts which are well pleaded, and all intendments and inferences that may be fairly and reasonably drawn therefrom, but it does not admit recitals of conclusions either of fact or law. 21 R. C. L., p. 506; *Barnes v. Jones,* 139 Miss. 675, 103 So. 773, 43 A. L. R. 673; *MacEachern v. MacEachern,* 126 Wash. 32, 216 Pac. 881; *State v. Ishikawa,* 139 Wash. 484, 247 Pac. 730.

The recital in the complaint that Mr. Allen was the agent and employee of the auto company was a mere conclusion, not the allegation of a fact or an inference that could reasonably be drawn from the facts pleaded, and was therefore not admitted by the demurrer. The fact that the owner of the automobile delivered it to Mr. Allen as a prospective purchaser does not justify the imputation to the owner of Allen's negligence while driving it for demonstration purposes. 2 Blashfield Cyclopedia of Automobile Law, p. 1323.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, STEINERT, and MITCHELL, JJ., concur.