[No. 28556. *En Banc.* January 30, 1942.]

JACK E. IKOLA, *Respondent,* v. SNOQUALMIE FALLS LUMBER COMPANY, *Appellant.*[1]

*W. E. Heidinger* and *T. J. Hanify,* for appellant.

*Stevenson & Gershon,* for respondent.

*Laube & Laughlin, Patrick A. Geraghty, R. W. Maxwell, Warner W. Gardner, Irving J. Levy, Dorothy M. Williams, Thomas H. Tongue, Edward J. Fruchtman, George W. Crockett, Jr.,* and *Frederick U. Reel, amici curiae.*

[1]Reported in 121 P. (2d) 369.

SIMPSON, J.—This action was instituted by plaintiff to recover an amount alleged to be due for overtime work allowed under the provisions of the fair labor standards act passed by the Congress of the United States in the year 1938.

The complaint in paragraph one alleged the corporate capacity of the defendant and that it was engaged in interstate commerce within the meaning of the fair labor standards act of 1938, and was engaged in the production of lumber in all its phases for purposes of shipment and sale from the state of Washington to the other sister states located in the United States.

Paragraph two was as follows:

"That heretofore and during the month of October in 1938 the above-named plaintiff was employed by the defendant as a waiter in the cookhouse owned and operated by the defendant as hereinafter set forth, at a monthly salary of $85.00 in cash, plus $1.30 daily board, plus $4.50 per month for a room, on a basis of a total of 176 hours per month, or approximately 40 hours per week; that said cookhouse was located 18 miles from the mill or from any facilities for car parking, and could be reached only through the private train of the defendant, or through a speeder operated by the defendant; that said speeder ran only between Friday evening and Monday morning, so that all employees were required to room in the bunkhouses adjoining the said cookhouse; that said cookhouse furnished services for approximately 135 employees, with supplies coming in usually on Tuesdays and Fridays; that the duties of the plaintiff, as an employee in said cookhouse, included waiting on the table, helping prepare the food, cleaning the food, helping prepare and pack the lunches in lunch boxes, scrubbing and cleaning, assisting in the unloading of supplies and the proper storing of the same, keeping records, and general odd jobs such as keeping up the fire, etc.; that the maintenance of said cookhouse, with its resulting employment of the plaintiff, is essential to the carrying on of the defendant's business and commerce, being the sole means available for the

feeding of the employees of the defendant, so they can physically carry on their employment."

Paragraph three related to the provisions of the fair labor standards act. Paragraph four stated the number of hours that plaintiff worked overtime in the month of October, 1938. The complaint then set out the weeks that plaintiff was employed, the number of hours overtime and the amount due and unpaid. The last paragraph of the complaint asked for a reasonable attorney's fee.

Defendant demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action and that several causes of action had been improperly united. The demurrer was overruled. The defendant answered denying the allegations of the complaint except those relating to its corporate capacity and the fact that plaintiff worked for defendant as a waiter. Defendant then set out two affirmative defenses which are unnecessary to mention in view of the disposition we shall make of this case.

The cause was tried to the court sitting without a jury. At the conclusion of the trial, the court made findings of fact and conclusions of law and entered judgment in favor of plaintiff. From that disposition of the cause in the superior court, defendant has appealed to this court.

The assignments of error necessary to mention are (1) in overruling the demurrer to the complaint; (2) in overruling appellant's objection to the introduction of any evidence in the case; and (3) in denying appellant's motion for nonsuit at the close of respondent's case. By proper objections and motions appellant reserved its rights as against the pleading.

The question for determination is: Does the complaint state a cause of action?

The pertinent portions of the fair labor standards act of 1938, chapter 679, § 1, 52 Stat. 1060, 29 U. S. C. A., §§ 201-219, provide:

§ 203. "As used in this chapter—

"(b) 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof.

"(d) 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . .

"(e) 'Employee' includes any individual employed by an employer."

§ 207. "(a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date, or

"(3) for a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

§ 216. "(b) Any employer who violates the provisions of section 206 or section 207 of this chapter shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such

action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Under the provisions of this act, it was necessary for respondent to allege and prove that he was employed by defendant, that he was engaged in the "production of goods for commerce" or that his labor was concerned with "any process or occupation necessary to the production thereof," and that he had not received compensation for overtime as provided in the act.

"It is the accepted rule that, for the purpose of determining the effect of a pleading, its allegations must be liberally construed, to the end that substantial justice may be accomplished between the parties concerned. Rem. Rev. Stat., § 285 [P. C. § 8369]; *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976; *Johnson v. Berg,* 151 Wash. 363, 275 Pac. 721. Accordingly, we have consistently held that, on demurrer, a complaint will be construed liberally, in favor of the pleader, in determining whether or not a cause of action reasonably can be inferred from the averments of the pleading." *Lidral Construction Co. v. Parker,* 9 Wn. (2d) 128, 113 P. (2d) 1022.

However, a demurrer does not admit conclusions of law or fact. *Hamp v. Universal Auto Co.,* 173 Wash. 585, 24 P. (2d) 77; *Moen v. Zurich General Accident Etc. Ins. Co.,* 3 Wn. (2d) 347, 101 P. (2d) 323.

An excellent statement of the rule is found in *O'Neil v. Building Service Employees International Union,* 9 Wn. (2d) 507, 115 P. (2d) 662, in which this court held:

"The allegations of fact, together with the reasonable inferences therefrom, in the complaint, are admitted by the demurrer to be true; that is, the demurrer admits the truth of all well pleaded facts, as well, also, as every legitimate inference deduced from such facts.

"In *Matthews v. Oklahoma Pub. Co.,* 103 Okla. 40,

219 Pac. 947, cited by us with approval in *Puget Mill Co. v. Duecy,* 1 Wn. (2d) 421, 96 P. (2d) 571, the rule as to admissions by demurrer is well stated to the effect that a demurrer only admits the truth of the facts pleaded, but does not admit the truth of the inference of the pleader based on the facts pleaded unless the facts themselves are sufficient to authorize such inference."

█ Notwithstanding the liberal rule announced by this court, we are unable to ascertain the connection between the allegations that "defendant corporation is engaged in the manufacture of lumber in all its phases for the purposes of sale from the state of Washington to the other sister states located in the United States" and the allegation that plaintiff worked in a cookhouse eighteen miles from defendant's mill, accessible only through the defendant's private train or speeder, the latter operating on Friday evening and Monday morning so that all employees were required to room in the bunkhouse adjoining the cookhouse. Furthermore, the allegation that the "cookhouse furnished services for approximately 135 employees" not only does not indicate in any way the nature of employment of the employees, but also is a mere conclusion not founded upon any statement of fact alleged in the complaint.

█ True, the evidence produced at the trial showed that defendant operated a logging camp near the cookhouse and that the operation of the cookhouse was necessary for the care of the men working in the woods. That fact, however, is not of assistance to respondent for the reason that appellant objected to the introduction of any evidence upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

In the face of such an objection, the pleading cannot be amended to conform to the proof. The court in construing a pleading cannot assume facts not pleaded

which if pleaded would state a cause of action. Consequently, it was error for the court to consider facts not set out in the pleading.

To reiterate, we cannot assume from the complaint that the "production of lumber in all its phases" includes logging. Even if we did, it is impossible to assume further that appellant's logging camp was located near the cookhouse in which respondent worked.

Concluding that the complaint did not state facts sufficient to constitute a cause of action, we must and do reverse the judgment.

ROBINSON, C. J., MAIN, BEALS, STEINERT, and JEFFERS, JJ., concur.

BLAKE, J. (dissenting)—I think it sufficiently appears from the complaint: (1) That appellant is engaged in the logging of timber and the manufacturing of lumber on a large scale in the state of Washington, and that its products move in interstate commerce; (2) that, in connection with its logging operations, it maintains a cookhouse for the benefit of more than a hundred of its employees, who work in woods so remote that no other method of providing for their sustenance was available or practicable; (3) that plaintiff was employed as a "flunky" at the cookhouse; (4) that, in contemplation of the fair labor standards act, he was required to work over time during sixty-eight weeks in 1938, 1939, and 1940 in number of hours ranging from 7½ to 43½ hours per week.

I am unable to conceive what more could be alleged to invoke the protection of the fair labor standards act—provided, of course, that a "flunky" employed about a cookhouse, under the circumstances and conditions alleged, comes within its purview. As I view it, the only question of substantial merit raised by the

appeal is that just indicated: whether a "flunky" employed about such a cookhouse as is described in the complaint is entitled to the protection of the act. The act provides:

"Sec. 3 (j) . . . and for the purposes of this Act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, *or in any process or occupation necessary to the production thereof,* . . . " (Italics ours.)

It has been held that watchmen are engaged in an occupation necessary to the production of goods produced by the employer for interstate commerce (2 Labor Cases, p. 385, No. 18,557; 2 Labor Cases, p. 638, No. 18,642), and are protected by the act.

These cases simply apply the doctrine laid down by the supreme court of the United States in *Philadelphia, B. & W. R. Co. v. Smith,* 250 U. S. 101, 63 L. Ed. 869, 39 S. Ct. 396, construing the Federal employers' liability act. The court held in that case that an employee whose duties were to cook meals, make beds, and take care of a "camp car" provided for a gang of bridge carpenters, which was moved from place to place along the railroad line to facilitate their work in repairing bridges, was engaged in interstate commerce in contemplation of the employers' liability act. The court there said:

"The next question is, what was plaintiff's relation to the work of the bridge carpenters? It may be freely conceded that if he had been acting as cook and camp cleaner or attendant merely for the personal convenience of the bridge carpenters, and without regard to the conduct of their work, he could not properly have been deemed to be in any sense a participant in their work. But the fact was otherwise. He was employed in a camp car which belonged to the railroad company, and was moved about from place to

place along its line according to the exigencies of the work of the bridge carpenters, no doubt with the object and certainly with the necessary effect of forwarding their work, by permitting them to conduct it conveniently at points remote from their homes and remote from towns where proper board and lodging were to be had."

Applying that doctrine to the facts alleged in the complaint in this case, it would not even seem to be open to question that plaintiff was an employee engaged in producing goods in contemplation of § 3(j) of the fair labor standards act. Believing that the complaint states facts sufficient to constitute a cause of action under that act, I dissent.

DRIVER and MILLARD, JJ., concur with BLAKE, J.