[File No. 6821.]

THE STATE OF NORTH DAKOTA for the Benefit of the Workmen's Compensation Fund of the State of North Dakota and A. J. Dolliver as Administrator of the estate of Bruce Dolliver, deceased, Respondents, v. EMIL THOMPSON and E. A. Tuftedahl, doing business under the trade name of Tuftedahl Chevrolet Company, Appellants.

(11 NW(2d) 113)

Opinion filed September 22, 1943

*Geo. P. Homnes* and *Thorp, Wattam & Vogel,* for appellants.

*Alvin Strutz,* Attorney General, *Lynn G. Grimson,* Assistant Attorney General, *Wm. G. Owens,* for respondents.

BURKE, J. Bruce Dolliver died as a result of injuries received when an automobile in which he was riding collided with an automobile driven by Emil Thompson and owned by E. A. Tuftedahl. At the time of his injury Dolliver was an employee, engaged in the course of his employment under the provisions of the North Dakota Workmen's Compensation Law. His claim for compensation has been filed and allowed as provided by statute. This suit was brought by the State for the benefit of the Workmen's Compensation Fund and H. J. Dolliver as administrator of the estate of Bruce Dolliver deceased, under the provisions of § 20 of the Compensation Act. Chapter 162, Laws of N. D. 1919. Under the allegations of the complaint, plaintiff's right of action was predicated upon the alleged negligence of the defendant Thompson in driving a car which was owned by the defendant Tuftedahl and which the defendant Tuftedahl as a dealer in automobiles had allowed him to use for the purpose of "demonstrating the car to himself" as a prospective purchaser.

Each of the defendants demurred to the complaint. The trial court overruled the demurrers and both defendants have appealed. The sole question in the appeal of the defendant Tuftedahl is whether an automobile dealer is liable for damages resulting from a prospective purchaser's negligence while testing a car owned by the dealer with his consent and unaccompanied by the dealer or any of his employees.

Ownership alone is not sufficient to impose liability upon the owner of a car because of the negligence of another whom he has permitted to use the car. Posey v. Krogh, 65 ND 490, 259 NW 757; notes in 36 ALR 1137 and 100 ALR 920. Respondent, however, contends that the driver became the agent of the owner when he took the car for the purpose of "demonstrating it to himself." They say that if the demonstration had been successful the owner would have profited by it; that therefore in making the demonstration, the driver was acting for the benefit of the owner and that a relationship of principal and agent arose without regard to the intention of the parties. We do not agree.

When a person accepts the use of a car in such circumstances he acts solely for his own benefit. His object is to satisfy himself as to the quality of the car in which he is interested. He is no more the agent of the seller than is the man who tests the weight of a piece of goods the agent of his tailor or the man who thumps a melon the agent of the grocer. In each case the test may result indirectly in benefiting the seller but this benefit is merely a coincidence entirely unrelated to the purpose of the tester. If agency could be predicated upon fortuitous good, blown by the winds that are not ill, hopeless confusion would result. The precise question under consideration has not been previously decided by this court. We approached it closely in the case of Erickson v. Foley, 65 ND 737, 262 NW 177. In that case the automobile dealer allowed a prospective purchaser to drive a car on a personal errand as well as to test the car. In reaching its decision that the driver was not the agent of the dealer the court placed some weight upon the fact, that, in addition to trying out the car, the driver was engaged upon another personal errand. We think, however, that the opinion in the case fairly implies that the result would have been the same if the driver's sole purpose had been to test the car. Such a result would have been in accord with the great weight of authority. Blashfield, Cyclopedia of Automobile Law & Practice, Perm ed, § 2918. Cases supporting this principle too numerous to cite are gathered in the American Digest under Automobiles, Key Number 192(7).

The respondent suggests no basis, other than agency, for the application of the doctrine of respondeat superior. None is alleged in the complaint. The order of the trial court overruling the defendant Tuftedahl's demurrer is therefore reversed.

The defendant Thompson demurred upon the ground that there was a defect of parties plaintiff and that the complaint did not state facts sufficient to constitute a cause of action.

As to the first ground this defendant contends that the complaint did not set forth facts which would authorize the personal representative of the deceased to bring this action. In support of his contention he cites § 8323, Compiled Laws of 1913 which limits and classifies the persons who may maintain an action for wrongful death and provides that "if any person entitled to bring the action refuses or neglects so

to do for a period of thirty days after demand of the person next in order, such person may bring the same." The personal representative of the deceased is in the fourth class and, as is stated by this defendant the complaint did not allege that any demand to sue was made upon persons in a prior class. A complete answer to defendant's contention in this respect is that the personal representative of the deceased did not bring this action. This action was brought by the State of North Dakota in accordance with the provisions of § 20, chapter 162, Laws of N. D. 1919. This section is as follows: "When an injury or death for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person than the North Dakota Workmen's Compensation Fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents, may, at his or their option, either claim compensation under this Act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this Act, the North Dakota Workmen's Compensation Fund shall be subrogated to the rights of the injured employee or his dependents to recover against that person, provided, if the Workmen's Compensation Fund shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this Act, then any such excess shall be paid to the injured employee or his dependents less the expenses and costs of action." The complaint sufficiently alleged the subrogation of the Workmen's Compensation Fund. This being the case the State and the State alone had authority to bring this action. Tandsetter v. Oscarson, 56 ND 392, 217 NW 660.

This defendant's contention upon the second ground of his demurrer is that the complaint did not allege that the deceased was survived by relatives who would be permitted by statute to maintain this action, nor that he was survived by any persons who were dependent upon him or who could reasonably expect assistance from him. The only allegation of the complaint in this respect is as follows: "That A. J. Dolliver . . . administrator . . . is the father and heir of Bruce Dolliver deceased; that the heirs have failed, refused and neglected

to bring this action as such heirs but join with him as such administrator for the proof of dependents of Bruce Dolliver."

This allegation indirectly but sufficiently sets forth the fact that Bruce Dolliver was survived by his father who is a person permitted by statute to maintain an action for wrongful death. ND Comp Laws 1913, § 8323.

It also sets forth the intent of the plaintiff to prove dependency and contains a general allegation of damages. Under the law of this State the father had the legal right to demand support and maintenance at the hands of the deceased in case of need. Bismarck Hospital & D. Home v. Harris, 68 ND 374, 280 NW 423. In Haug v. Great Northern R. Co. 8 ND 23, 77 NW 97, 42 LRA 664, 73 Am St Rep 727, this Court adopted the more liberal rule with respect to the pleading of damages in an action for wrongful death. In that case the Court said, "When the party in whose interest the suit is brought sustained such relations to the deceased that he had the legal right to demand the services of the deceased, or to demand support and maintenance at the hands of the deceased, then substantial pecuniary damages will be presumed." While we do not give this pleading our unqualified approval and think that the defendants would have had the right to the allowance of a motion to make it more definite and certain, it is, nevertheless sufficient to state a cause of action on behalf of the father for such damages as arose out of the interruption of his legal right to maintenance.

The trial court's order overruling the demurrer of the defendant Thompson is therefore affirmed.

MORRIS, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.