Matthias, J.
Briefly stated, the question presented is: Does the amended petition on its face state facts which show a cause of action?
As seen by a reading of the petition, the plaintiff pleads, essentially, that while witnessing a baseball game he was injured when a player named Philip Hudson “negligently, carelessly, and recklessly, and with great force and violence, struck plaintiff in the left eye” with a baseball, and that said baseball player was wearing a uniform which bore the name, “Delta Savings & Loan Association.” Plaintiff alleges further that the uniform and equipment being used by this player at the time of the injury were “owned by defendant and furnished, maintained and provided to and for said members of said baseball team for use in attracting crowds and assemblages of people by playing baseball games, whereby said baseball players advertised and promoted defendant’s said business.” Plaintiff then prays that defendant be held liable to him in damages for this injury.
It is clear that in order for defendant to be liable to *517 plaintiff in this instance he must be so under the doctrine of respondeat superior.
“ * * * it is essential to the sufficiency of a pleading alleging conclusions of law that such conclusions are supported by a statement of facts justifying them. Accordingly,, a conclusion of law at variance with, or unsupported by,'the facts stated is insufficient and cannot be relied on, and must yield to the conflicting averments of facts.
“While conclusions of law are ordinarily disregarded in determining the sufficiency of a pleading * * * this is not true where the conclusions are supported by an averment of facts from which the conclusions are drawn.” 71 Corpus Juris Secundum, 40, Section 15.
“The mere presence of a conclusion, if a logical deduction from facts alleged, will not render a pleading insufficient. But a conclusion has no greater force than the premise upon which it is founded, and it is inadequate when it is unsupported by the recited facts upon which it depends.” 1 Bancroft, Code Pleading Practice and Remedies (10-year Supp.), 28, Section 45. “A demurrer to a pleading admits only what is well pleaded therein. It does not' admit a conclusion of law unwarranted by the facts on which it is predicated.” Pittsburgh, Cincinnati & St. Louis Ry. Co. v. Moore, 33 Ohio St., 384, 31 Am. Rep., 543.
Certain of the facts pleaded in this petition are followed by the conclusion, ‘ ‘ Philip Hudson, as agent for defendant.” The words, “as agent,” constitute a conclusion of law. Hoyer v. Ludington, 100 Wis., 441, 76 N. W., 348; Hamp v. Universal Auto Co., 173 Wash, 585, 24 P. (2d), 77. The first question for determination, then, is whether the operative facts pleaded to support the allegation of agency do in fact support, such conclusion of law.
*518 The facts pleaded to support the conclusion of agency are essentially as follows:
1. Defendant entered into an “oral employment and service agreement” with various individuals constituting a baseball team, whereby defendant furnished said team with uniforms and equipment with which to play baseball.
2. Defendant’s name was prominently displayed upon said uniforms and defendant thereby gained advertising benefits.
It will be observed that there is no allegation that the named baseball player was a regular employee of the defendant in its usual business as a savings and loan, association. The petition merely alleges that the named baseball players entered into an “oral employment and service agreement * * * whereby said baseball players advertised and promoted defendant’s business.”
It is commonly known and of general knowledge that there has been a great development and growth of public-playground baseball, and that many of the teams are sponsored by organizations or individuals who furnish uniforms and some equipment. The allegations of this petition appear clearly to describe such a sponsoring by defendant.
The instant case is analogous in many respects with the case of Rogers v. Allis-Chalmers Mfg. Co., 153 Ohio St., 513, 92 N. E. (2d), 677, 18 A. L. R. (2d), 1363, except that in that case the player involved was a regular employee of the company during regular working hours but was playing golf after his working hours in an industrial league organized by the Y. M. C. A. As stated in the syllabus of that case, “the company received publicity from its participation in the golf league, furnished shirts with the company’s name on them to the players, paid the green fees and gave a banquet at the end of the year with distribution of *519 trophies for athletic prowess.” In an action against the company by a third party seeking recovery for injuries suffered when the golf player drove a ball which hit the plaintiff, it was held that “the company was not liable, under the rule of respondeat superior, for such injuries.”
In the Allis-Chalmers case, Stewart, J., at page 527, said:
“Then, too, in order for the rule of respondeat superior to operate, the principal or master must have the power of control or direction over the conduct of the servant. The rule has never been better stated than as follows in paragraph four of the syllabus in the case of Clark v. Fry, 8 Ohio St., 358, 72 Am. Dec., 590:
“ ‘The rule of respondeat superior, as its terms import, only arises out of the relation of superior and subordinate, is applicable to that relation wherever it exists, as between principal and agent, or master and servant, is coextensive with it, and ceases when that relation ceases to exist; and the reason of it is to be traced to the power of control and direction, which the superior has a right to exercise, and which, for the safety of others, he is bound to exercise over the acts of his subordinates. ’ ’ ’
We conclude from the amended petition that the defendant, by merely furnishing members of a team with uniforms and equipment with which to play baseball, neither exercised nor had a right to exercise any direction or control over the conduct or actions of the baseball players.
It will be noted that in the Allis-Chalmers case the question presented was, as stated by Stewart, J., on page 521, “whether the trial court was justified in directing a verdict for defendant at the conclusion of plaintiff’s opening statement to the jury.”
*520 In the instant case the question is whether the trial court was justified in sustaining a demurrer to plaintiff’s amended petition and in entering final judgment for the defendant.
Recognizing the obligation of the court to give plaintiff’s amended petition the construction most favorable to plaintiff, we nevertheless conclude that allegations that a company furnished shirts or uniforms which bore the name of the company and furnished equipment for recreation to members of a baseball team under a so-called “oral employment and service agreement” are insufficient to support a pleaded conclusion of agency. Under the rules stated, the petition is thereby rendered subject to a demurrer.
The judgment of the Court of Appeals is hereby reversed, and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.