[Nos. 10638-8-II; 11309-1-II.   Division Two.   October 5, 1987.]

BRET BLACKBURN, ET AL, *Respondents*, v. SAFECO
INSURANCE COMPANY, *Appellant*.

*Timothy R. Gosselin, F. Ross Burgess,* and *Burgess, Kennedy, Fitzer & Strombom, P.S.,* for appellant.

*Samuel H. Pemberton, Jr.,* for respondents.

WORSWICK, J.—Don Lougee, a car buyer, took possession of a car owned by Evergreen Chrysler–Plymouth, Inc., with Evergreen's permission, pending completion of the sale transaction. While Lougee was driving the car, with Bret Blackburn as a passenger, he negligently drove into a utility pole, injuring Blackburn. Evergreen's insurance policy, issued by Safeco Insurance Company, afforded liability coverage for the car, but excluded from that coverage drivers in Lougee's status if they had their own auto insurance

with at least the minimum liability limits prescribed by the financial responsibility law, RCW 46.29. Lougee had such insurance, so Safeco denied liability coverage for the accident and refused to defend Lougee. Blackburn's lawsuit against Evergreen, defended by Safeco and based on Blackburn's contention that Lougee was Evergreen's agent, terminated in a directed verdict absolving Evergreen from liability.

Blackburn's own auto insurance provides underinsured motorist coverage, with limits equal to the financial responsibility law's minimum limits for liability coverage.

Safeco concedes, for present purposes, that Blackburn's damages exceed the combination of Lougee's liability coverage and the limits of the underinsured coverage provided by Blackburn's policy. Therefore, Blackburn brought this declaratory action claiming a right to the underinsured coverage in Evergreen's Safeco policy. The limits of that coverage are adequate to cover Blackburn's damages, but the policy contains an exclusion substantially identical to that considered in *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 665 P.2d 891 (1983). Thus, the policy language excludes underinsured coverage for any car that is covered for liability claims arising out of the accident that also gives rise to the underinsured claim. The practical effect of this is to exclude underinsured coverage for all single car accidents where the Safeco policy affords liability coverage for the car involved.

*Millers* held such an exclusion valid and Safeco contended below, as it does here, that *Millers* controls. Blackburn contends that *Millers* holds only that a claimant cannot recover compensation under both the liability and underinsured coverages of a single policy. He argues that this will not happen here because Evergreen is not liable for the accident, that *Millers* is therefore distinguishable, and that general pronouncements in other opinions dictate that the underinsured coverage in Evergreen's Safeco policy must be made available to him. The trial court agreed with

Blackburn, granting summary judgment in his favor.[1] We reverse.

The general pronouncements Blackburn refers to do not control this case. Unfortunately, opinions in this field frequently are notable for language that, at best, is dicta. Blackburn relies, for example, on *Hamilton v. Farmers Ins. Co.*, 107 Wn.2d 721, 733 P.2d 213 (1987), identifying several excerpts that he argues support his position. However, the facts of *Hamilton* do not remotely resemble the facts here and the excerpts he relies on are dicta and are not binding. *Lang v. Lang*, 40 Wn. App. 758, 700 P.2d 375 (1985).

The precise question before us is whether *Millers* can be distinguished. Finding no principled basis for distinguishing the case, we hold that it controls.[2]

■ At bottom, *Millers* held that no legislative policy required the exclusion in question to be declared invalid. Therefore, it invoked the firmly established principle that, absent a contrary legislative intent, parties to an insurance contract were free to contract as they wished. *See State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 687 P.2d 1139 (1984).

---

[1]Blackburn has appealed the judgment in his case against Evergreen, but seems to believe that there is little or no practical hope of a successful outcome, and he is willing to stipulate that he will not seek a dual recovery under the Safeco policy.

This case first came before the trial court before judgment had been entered in the Evergreen case, and the trial court ruled in Safeco's favor. Blackburn appealed directly to the Supreme Court, which transferred the case to this court. After the Evergreen judgment, Blackburn moved the trial court for relief under CR 60, and moved this court, pursuant to RAP 7.2(e), to permit the trial court to enter an order changing its original decision. Our commissioner granted permission, and the trial court reversed its earlier decision. Safeco then appealed; its appeal was consolidated with, but in effect supersedes, Blackburn's appeal. We consider the trial court's first order superseded by its second order, and we review only the latter.

[2]We note that Division Three has held that both the liability coverage and the underinsured motorist coverage of a single policy can be reached absent the exclusion dealt with in *Millers. Yarnell v. Farmers Ins. Co.*, 44 Wn. App. 75, 720 P.2d 862 (1986). We confess to some skepticism about this result. *See Yarnell*, 44 Wn. App. at 80 (Munson, J., dissenting).

The differences between *Millers* and this case, such as they are, do not support a different result here. To the contrary, the reasoning of the opinion strongly supports the same result. In interpreting legislative intent, *Millers* discussed several elements that apply here; we stress only two: (1) the statute contemplates the involvement of two vehicles: the underinsured vehicle of the tortfeasor and the vehicle, occupied by the claimant, affording first party underinsured coverage, *Millers,* 100 Wn.2d at 4–6; (2) the statute contemplates that underinsured coverage ordinarily inures to the benefit of the insured who purchases it and can control the amount of protection he is to receive. *Millers,* 100 Wn.2d at 8; *see* RCW 48.22.030(3). Neither of these underpinnings of legislative policy requires that the underinsured coverage of the Safeco policy be made available to Blackburn.

In the final analysis, Blackburn has no reason to look to the Safeco policy and has no basis for complaining that the statute has been violated. Lougee has liability coverage of his own; it is available to Blackburn. Blackburn has underinsured coverage of his own, likewise available to him. The fact that he did not see fit to carry underinsured coverage sufficient to compensate him does not permit Blackburn to reach the underinsured coverage of the Safeco policy and, in effect, to transform that coverage into liability coverage for Lougee. *See Millers,* 100 Wn.2d at 8. Evergreen's Safeco policy exclusion validly applies to this situation. *Cf. Manning v. Fireman's Fund Am. Ins. Cos.,* ___ Mass. ___, 489 N.E.2d 700 (1986).

Reversed.

REED, C.J., and PETRIE, J. Pro Tem., concur.

Review by Supreme Court pending June 1, 1988.