[No. 10871–2–II.   Division Two.   January 3, 1989.]

BRET BLACKBURN, ET AL, *Appellants,* v. EVERGREEN
CHRYSLER PLYMOUTH, *Respondent.*

*Samuel H. Pemberton, Jr.,* for appellants.

*Donald L. Donaldson* and *Walstead, Mertsching, Huse-moen, Donaldson & Barlow,* for respondent.

REED, J.—The Blackburns appeal an order directing a verdict in favor of Evergreen Chrysler Plymouth, Inc. (Evergreen) on the issue of Evergreen's potential vicarious liability for the negligence of a prospective purchaser of one of its automobiles during a test drive. We find *Hamp v. Universal Auto Co.,* 173 Wash. 585, 24 P.2d 77 (1933), *followed in Robbins v. Greene,* 43 Wn.2d 315, 261 P.2d 83 (1953), controlling and affirm the trial court.

On January 11, 1985, Donald and Jo–Ann Lougee were considering the purchase of a used car from Evergreen Chrysler Plymouth. The Lougees discussed their needs with an Evergreen salesman, and briefly test drove a used Chrysler Laser in the salesman's presence. However, at the close of the business day, the Lougees were undecided about purchasing the car, so the salesman suggested they take the car home overnight for an extended test drive. The Lougees agreed, signed a loan agreement, and took the car home.

Later that night, Donald Lougee asked his friend Bret Blackburn to accompany him on a test drive. Blackburn was a mechanic, and Lougee wanted his opinion of the car. During the test drive, Lougee failed to negotiate a curve and struck a power pole, severely injuring Blackburn.

The Blackburns brought an action for damages against the Lougees and Evergreen.[1] Trial was bifurcated by stipulation of counsel, and the issue of Evergreen's potential liability for Lougee's actions was tried before a jury on February 2, 1987. At the close of evidence, Evergreen successfully moved for an order directing a verdict absolving it of liability. The sole issue is whether the owner of a car can be held vicariously liable for its negligent operation by a prospective purchaser during a test drive. The Washington Supreme Court twice has considered this issue, in *Hamp v. Universal Auto Co., supra,* and *Robbins v. Greene, supra.* The rule set forth in those cases, and followed in the overwhelming majority of jurisdictions,[2] is

---

[1]In a related action against Safeco Insurance Company, the Blackburns also sought a declaration of underinsured motorist coverage under Evergreen's policy covering the car Lougee was test driving. *See Blackburn v. Safeco Ins. Co.,* 49 Wn. App. 423, 744 P.2d 347 (1987) (review by Supreme Court pending).

[2]*See* 60A C.J.S. *Motor Vehicles* § 436(5), at 1002 (1969); 6 *Blashfield on Automobiles* § 254.16, at 356 (3d ed. 1966); Annot., *Dealer's Liability for Negligent Operation of Car by Prospective Purchaser or One Acting for Him,* 31 A.L.R.2d 1445 (1953). *See also* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 73, at 523 n.11 (5th ed. 1984).

that the owner of a car is not liable for a prospective purchaser's negligence, because the purchaser usually is regarded as a bailee, and not as an agent of the owner. The exception to this rule applies only when the prospective purchaser is accompanied by the owner or his agent, *who retains the right to direct the operation of the car*; the question is not decided by the owner's mere presence in the car, but is a function of the degree of control exercised, and is a question for the jury. *See Robbins,* 43 Wn.2d at 322–23.

■ Our review of the trial court's order directing a verdict in favor of Evergreen is restricted to an examination of the sufficiency of the evidence to take the issue of Evergreen's liability to the jury. No discretion is involved. We will consider all evidence in a light most favorable to the Blackburns, and the directed verdict will be upheld if there is no competent evidence, nor reasonable inference arising therefrom, that would sustain a jury verdict in favor of the Blackburns. *Oliver v. Pacific Northwest Bell Tel. Co.,* 106 Wn.2d 675, 678, 724 P.2d 1003 (1986).

The Blackburns presented no evidence at trial that would support a verdict in their favor under the rule of *Hamp* and *Robbins*. It was undisputed that no Evergreen representative was present at the time of the accident. When the owner does not accompany the prospective purchaser on the test drive, he loses any right he had to control physical actions of the prospective purchaser. He has wholly surrendered the operation and control of the car to the test driver. *See Robbins,* 43 Wn.2d at 323. We find no meaningful factual distinctions between this case and *Hamp*.[3]

---

[3]We reject Blackburn's attempt to distinguish this case from *Hamp* because Evergreen reserved the right to: restrict the area of operations; limit mileage driven during the test; prohibit racing or reckless driving or any alteration of the vehicle; and require return of the vehicle in good condition. These are merely conditions of the bailment contract. They do not amount to exercising control over the actual physical operation of the vehicle. Thus, they are not sufficient to convert the relationship to that of principal and agent.

We note that the majority of those courts that have considered this issue have concluded that an agency relationship is *not* present in situations such as that presented by this case. As the Texas Court of Civil Appeals has stated,

[i]n testing a car the prospective purchaser is not acting for the benefit, or in behalf of the seller, but is acting in behalf of himself. His own interests and those of the seller are antagonistic. That fact prevents the existence of the relation of principal and agent. . . . One essential element of agency, namely, one person acting for and in behalf of another, is wholly lacking. . . .

*Bertrand v. Mutual Motor Co.*, 38 S.W.2d 417, 418 (Tex. Civ. App. 1931). Another court agreed, stating that when a prospective purchaser accepts the use of a car for a test drive, unaccompanied by the seller,

he acts solely for his own benefit. His object is to satisfy himself as to the quality of the car in which he is interested. . . . [T]he test may result indirectly in benefiting the seller but this benefit is merely a coincidence entirely unrelated to the purpose of the tester.

*State ex rel. Workmen's Comp. Fund v. Thompson,* 73 N.D. 56, 60, 11 N.W.2d 113, 114 (1943).

In conclusion, we hold that the evidence presented in this case could support only the conclusion that Lougee was a bailee as a matter of law. As such, Evergreen has no liability for Lougee's actions, and Evergreen was entitled to the directed verdict.

Affirmed.

ALEXANDER, C.J., and WORSWICK, J., concur.

Review denied at 112 Wn.2d 1015 (1989).